Egan v. Grewe & Others.

CASE 21—ACTION FOR A MANDAMUS—DEC. 5.

## Egan v. Grewe and Others.

. APPEAL FROM KENTON CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS. REVERSED.

PRIMARY ELECTIONS—RIGHT OF CANDIDATE TO HAVE NAME PLACED ON THE BALLOT—VALIDITY OF CONDITION PRESCRIBED BY PARTY COMMITTEE.

Held: Under Kentucky Statutes, section 1561, providing that "any person desiring to submit his name to the voters in a primary election shall, not later than fifteen days next preceding the holding of such primary election, apprise the committee or governing authority of the political party holding such primary of the fact that he is a candidate," and that any person who has not given such notice to the committee shall not

Egan v. Grewe & Others.

have his name printed on the ballots, the party committee can not fix an earlier time for the candidates to submit their names so as to deprive any candidate who submits his name to the committee as much as fifteen days before the election of the right to have his name placed on the ballot.

T. B. WISE, ATTORNEY FOR APPELLANT.

A primary election to nominate candidates for State senator, and other offices, had been duly ordered for Oct. 15, 1897, by the committee or governing authority of the party holding such primary.

The appellees, acting as a sub-committee appointed by the governing authority to conduct and manage said election, fixed, Sept. 25, 1897, as the last day upon which any person would be permitted to submit his name to the voters at said primary.

The appellant, on Sept. 30, 1897, apprised said committee or governing authority through appellees of his desire to submit his name to the voters at said election and be a candidate for said office of State senator, and tendered to them the sum assessed by them against each candidate for that office. The appellees refused the money, and refused to place the name of appellant on the ballots to be used in conducting said election.

This action was brought on the same day, to compel appellees, by mandamus, to place appellant's name on said ballots.

The appellees answered denying none of these facts, but alleging that public notice of their action fixing September 25th as the last day, was given, and that when appellant tendered himself as a candidate the work of printing the ballots had been given to the printer.

A demurrer to the answer was overruled and subsequently without any further pleading the action was dismissed.

From the judgment this appeal is taken.

The only serious contention by appellees, is, that the committee conducting the election had the power to enlarge the minimum of fifteen days prescribed by section 1561, Kentucky Statutes, for candidates to give notice of their desire to have their names on the ballot. Our contention is that the candidate shall have up to that time—fifteen days before the election—to declare his candidacy.

OPINION OF THE COURT BY JUDGE HOBSON—REVERSING.

In September, 1897, a primary election was regularly called to nominate candidates for State senator and other offices in Kenton county, on October 15, 1897. The com-

mittee also fixed September 25th as the last day on which
any person would be permitted to submit his name to be
voted for at the election. On September 30th appellant
applied to the committee, and offered to pay his assess-
ment, and asked that his name be placed upon the ballot
as a candidate for State senator. The committee refused
his request. He thereupon filed his petition for a man-
datory injunction, requiring the committee to place his
name on the ballot. The court overruled a demurrer to
the petition. The committee then answered, alleging that
they had fixed September 25th as the last day for candi-
dates to pay their assessments and have their names placed
on the ballot, and had given full notice of their action more
than six days before September 25th, and had then sent
the ballots out to the printer five days before appellant
applied. The court overruled a demurrer to this answer,
and, the plaintiff pleading no further, dismissed the ac-
tion. Section 1561, Kentucky Statutes, is in these words:
"Any person desiring to submit his name to the voters
in a primary election shall, not later than fifteen days
next preceding the holding of such primary election, ap-
prise the committee or governing authority of the political
party holding such primary of the fact that he is a candi-
date, and, upon complying with the conditions prescribed
by the committee or governing authority for the regula-
tions of candidates, shall be declared to be a candidate by
the committee or governing authority of such political
party; and any person who has not given such notice to
the committee or governing authority, or who has not com-
plied with the conditions prescribed by the committee or
governing authority for the government of candidates
shall not have his name printed on the ballots used in such
primary election; but any person desiring to vote for any

other than the persons whose names are printed on such ballots shall have the right to do so by writing the name of the person for whom he desires to vote in the space on the ballot set apart for such office as he may desire such person so voted for to hold."

The question presented is, can the committee fix an earlier day for the candidates to submit their names to it, or is the statute allowing this to be done not later than 15 days before the primary election conclusive? The circuit court seems to have acted on the idea that the committee might fix an earlier date as the last day for the submission of the names of candidates. By section 1550 a "primary election" is defined as an election by the members of any political party or by the voters of some political faith for the purpose of nominating candidates for office. By section 1551 all primary elections must be conducted in the same form and under the same requirements as are provided by law for the holding of regular State elections, except as otherwise provided. By section 1552 any act which is an offense by the general laws of the State concerning elections is also an offense in all primary elections and punished In like manner. By section 1553 at least 40 days' notice must be given of the holding of a primary election. By sections 1554-1559 the qualification and registration of voters are provided for, and by section 1560 the election of officers who have the same powers and are subject to the same restrictions as officers of regular State elections. Then follows section 1561, above quoted. It seems reasonably clear from these provisions that the legislative intent was to place primary elections on the same plane as the regular elections. Forty days' notice of the holding of a primary election was prescribed so that all persons interested would have an opportunity to learn of

it.    The candidates were required- to submit their names
to the committee 15 days before the holding of the election
to give time for the printing of the ballots, and they were
allowed until this time to do this for the same reason that
40 days' notice of the election was required; that is, that
they might have ample time, or 25 days, to learn of the
election, and determine whether or not they wished to run.
By section 1456 of the Kentucky statutes, certificates and
petitions for nomination directed to be filed with the
clerk of the county court must be filed not less than 15
days before the election.    The Legislature evidently had
in mind section 1561, prescribing the same length of
time for primary elections as was already prescribed for
the regular elections.    The object of prescribing the last
day on which the application must be made was not only
to give until that time for the purpose so that every can-
didate might know what he had to do, but to secure a uni-
form rule, and give time for the printing of the ballots.
The provision of the statute that "any person who has not
given such notice to the committee or governing authority"
shall not have his name printed on the ballots is, it seems
to us, of necessity a requirement that he shall have his
name placed on the ballot where he has given the notice
and complied with the conditions prescribed not later
than 15 days before the holding of the election, for the ex-
clusion of these persons is the inclusion of others.    The
committee is authorized to prescribe conditions to be com-
plied with by the candidates, but these conditions must
not be inconsistent with the statute.    They have no more
right to shorten the time for candidates applying to be
placed on the ballots than the county clerk has in a regular
election.    If they could shorten the time allowed by the
statute from 25 days, they might in many instances pre-

vent a real expression of the popular will; for if they could limit the time to 6 days they might limit it to less, and the purpose of the statute would be defeated.    The object in requiring 40 days' notice of the election, and in giving the candidates until 15 days before the election to get their names on the ballots, is to secure a fair and free election. One provision of the statute may as well be dispensed with as the other.    By section 1565 the provisions of the act apply to all primary elections held for the purpose of nominating candidates for State, county, district or municipal offices.

We are therefore of opinion that the circuit court erred in overruling the demurrer to the answer.    The judgment is therefore reversed, with directions to sustain the demurrer to the answer, and for further proceedings consistent with this opinion.