Graham v. Graham.
Edwards v. Loy.

---

CASE 89—ACTIONS BY GRAHAM AGAINST GRAHAM AND EDWARDS AGAINST LOY ON MOTION TO DOCKET AND ADVANCE AND FOR ORAL ARGUMENT.—APRIL 29.

# Graham v. Graham.
# Edwards v. Loy.

APPEAL FROM GREEN CIRCUIT COURT.

MOTIONS TO DOCKET AND FOR ORAL ARGUMENT SUSTAINED.

ELECTIONS—STATUTE PROVIDING FOR SPEEDY DETERMINATION OF CONTEST—TIME FOR HEARING OF APPEAL NOT GOVERNED BY CODE OF PRACTICE.

Under the act of 1900, providing that election contests shall be speedily determined, and that appeals in such cases, "shall be heard and determined as speedily as possible and shall have

Graham v. Graham.
Edwards v. Loy.

precedence over all other cases," election cases must be tried and disposed of without reference to the special provisions of the Code of Practice with respect to other cases, and therefore, appeals in such cases may be advanced and docketed, though the transcript was not filed twenty days before the beginning of the term.

JOHN W. LEWIS AND W. H. SWEENEY, FOR APPELLANTS.
J. D. WILSON, FOR APPELLEES.
    (No briefs on motion).

OPINION OF THE COURT BY CHIEF JUSTICE GUFFY, SUSTAINING MO-
    TIONS TO ADVANCE AND FOR ORAL ARGUMENT.

The appellants in each of the above cases have entered motions to have the cases docketed and advanced and set for oral argument, which motions are objected to by the appellees. The question presented for decision is whether, under the act of the General Assembly passed in 1900, the appellants are entitled to have these cases docketed and advanced for decision, although the transcripts were not filed twenty days before the present term of this court. It will be seen from an examination of the statute aforesaid that special provisions are made for hearing contests, and the court in which the action shall be commenced is regarded to give precedence to such cases. It is further provided as follows: "Either party may appeal from the judgment of the circuit court to the court of appeals by giving bond to the clerk of the circuit court, with good surety, conditioned for payment of all costs and damages the other party may sustain by reason of the appeal, and by filing the record in the clerk's office of the court of appeals within thirty (30) days after final judgment in the circuit court. And in the court of appeals the case shall be heard and determined as speedily as possible and shall have precedence over all other cases." Acts 1900, p. 40. It will also be seen that like preference is given to the

trial of such cases in the circuit court. It therefore seems plain that the Legislature intended to provide a speedy means of determining election contests. It necessarily follows that, in order to give effect to the full and fair intent of the act contested election cases must be taken up, tried, and disposed of without reference to the special provisions of the Code with respect to other cases. It is the contention of appellees that these cases do not stand for hearing at this term of court for the reason that they were not filed twenty days before the present term. If this contention is sustained, it would necessarily follow that these cases could not be decided until some time in the next September term. Other cases, if filed twenty days before the present term of this court, would be tried and disposed of during the present term; hence it would follow that, if it happened that a case was not decided by the circuit court more than twenty days before the term of this court, no trial could be had until the succeeding term, which in the case at bar would mean a delay of several months.

Our conclusion, after a careful consideration of the statute in question, is that a fair construction thereof entitles the appellants to a speedy hearing, and in order to accomplish that object, the court is authorized and required to docket and advance such cases whenever filed, if in session when such motion is made, without regard to the time at which the transcript is filed in the clerk's office. The motion to docket and advance is therefore sustained; motion for oral argument is sustained, and case ordered set for oral argument.