CASE 93—ACTION BY JOHN MASON BROWN AGAINST THE REPUBLICAN
COUNTY EXECUTIVE COMMITTEE FOR JEFFERSON COUNTY, TO RE-
STRAIN IT FROM HOLDING A PRIMARY ELECTION.—JUNE 3, 1902.
(Omitted in former reports.)

# Brown v. Republican County Ex. Committee

APPEAL FROM JEFFERSON CIRCUIT COURT, CHY. DIV.—SHACKELFORD
MILLER, JUDGE.

JUDGMENT FOR PLAINTIFF. DEFENDANT APPEALS. REVERSED.

ELECTIONS—CONSTRUCTION OF STATUTE REGULATING PRIMARY ELEC-
TIONS.

1. There is no restriction upon the power of the Legislature to pre-
scribe the times for holding primary elections

2. When a political party resorts to a primary as a method of se-
lecting candidates whose names are to go upon the official bal-
lots under the party device, such primary must be conducted
in accordance with the requirements of article 12, chap 41, of
the Kentucky Statutes.

W. O. BRADLEY AND JOHN MASON BROWN, FOR APPELLANT,
BROWN.

### POINTS AND CITATIONS OF AUTHORITIES.

1. No primary election can be held except under the statute.
Kentucky Statutes, sections 1550, 1551, 1552, 1553, 1559, 1561,
1565; Schneider v. McGill, 23 Ky. Law Rep., 589; Eagen v.
Germe, &c., 23 Ky. Law Rep., 1496.

2. An injunction may be granted to restrain the holding of a
primary election not in accordance with the statutes on pe-
tition of the candidate. 23 Ky, Law Rep., 1495.

(No brief for appellee.)

OPINION OF THE COURT BY JUDGE BURNAM—REVERSING.

This is an appeal from a judgment of the chancery division
of the Jefferson Circuit Court sustaining a demurrer to a
petition filed by appellant and dismissing the petition, in
which he sought to restrain the Republican county executive

committee for the county of Jefferson and the city of Louis-ville from holding a primary election on the 16th of July, 1901, called for the purpose of nominating candidates for the various county and city offices which were to be filled at the regular November election, 1901. Appellant alleged that he was a candidate for the Republication nomination for judge of the Jefferson County Court; that he was a member of the Republican party, and eligible for its nomination for judge; that he had paid to the treasurer of the committee $50, as-sessed upon each person who desired to be a candidate at the primary election as his proportion of the expense of such primary; that subsequent to the payment of the assessment so levied the committee called a primary election to be held under certain rules and regulations, which were prescribed by the committee, which were essentially different from the requirements of article 12, chapter 41, of the Kentucky Stat-utes; and that, unless the statutory method of conducting the primary was observed, the parties nominated in that primary could not require the county clerk to have printed on the official ballots their names as the candidates of the Republican party, as required by section 1453 of the election law. The question, therefore, to be determined upon this appeal is whether the provisions of article 12 of chapter 41 are mandatory when primary elections are resorted to as the method of selecting their candidates by a political party casting 2 per cent. of the total vote of the State at the last preceding general election. Article 12 of the chapter on elec-tions is devoted exclusively to the subject of primary elec-tion. Section 1550, which is the first section of the article, defines a primary election within the meaning of the article and as used in the chapter as "an election held within the State, county, district or subdivision thereof, as the case may

be, by the members of any political party or by the voters of
some political faith for the purpose of nominating candi-
dates for offices." Section 1552 prescribes the penalties for
violating its provisions; section 1553 the manner in which
the governing authority of any political party desiring to
hold a primary election under the provisions of the article
may do so. Sections 1554-1559 prescribe the qualifications
of persons entitled to vote at such primary elections, and the
manner of ascertaining and determining whether the appli-
cant is possessed of the requisite qualifications; section 1560
provides for the appointment of election officers, with their
powers and duties; section 1561, how a person desiring to
submit his name to the voters in a primary election may do
so; section 1562, how the return of such election shall be
made, and the penalty for any alterations thereof; section
1563, for the counting of the vote; section 1564, for the pay-
ment of the necessary expense of holding such elections, etc.;
and section 1565, the closing section of the article, provides:
"The provisions of this article shall apply to all primary
elections held for the purpose of nominating candidates for
State, county, district or municipal offices, hereafter held in
this Commonwealth, except those held in the year 1892." It
will be observed that the article prescribes a complete system
of positive law for the selection of its candidates by a polit-
ical party. There is nothing in the statute which requires
a party to resort to the system therein prescribed as the
method of selecting candidates, but we think there can be
no doubt that it was the intention of the General Assembly
that when this method was resorted to it should be conducted
under and in accordance with the requirements of the stat-
ute. The adoption of the secret ballot was a radical de-
parture from the previous methods of voting which had ob-
tained in this State, and under this system it is of supreme

importance that the names of the candidates of a political party should be placed upon the official ballot under the device of the party. And section 1453 of the statutes provides that: "The county clerk of each county shall cause to be printed on the respective ballots the names of the candidates nominated by the convention or primary election, of any party that cast two per cent. of the total vote of the State at the last preceding general election, as certified to said clerk by the presiding officer and secretary of such convention, or in case of a primary election by the chairman and secretary of any county or district committee, and also the names of any candidate for any office when petitioned to do so by the electors qualified to vote for candidates as follows: . . ." So far as we are advised, this State is the only one which has attempted by law to regulate the manner of conducting primary elections held for the purpose of selecting the candidates of a party, but we know of no restriction upon the power of the general assembly to prescribe the terms of holding such primary when they shall so elect. We are therefore of the opinion that when a political party resorts to the primary as a method of selecting their candidates whose names are to go upon the official ballot under the device of the party, such primary must be conducted in accordance with the requirements of article 12 of the statute on elections.

For reasons indicated, the judgment is reversed and cause remanded for proceedings consistent with this opinion.