CASE 98—ACTION BY JAMES MONTGOMERY AGAINST WEED S. CHELF, FOR THE OFFICE OF CIRCUIT JUDGE OF THE NINTH JUDICIAL DISTRICT— OCTOBER 12.

# Montgomery v. Chelf.

APPEAL FROM HARDIN CIRCUIT COURT—THOMAS R. GORDON, SPECIAL JUDGE.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

PRIMARY ELECTIONS—CONTEST—POLITICAL COMMITTEES—ACTS BY PROXY—FAILURE TO BE SWORN—EFFECT—ASSESSMENTS ON CANDIDATES—CONSTITUTIONAL PROVISION—MANDAMUS—WAIVER.

1. In calling and conducting a primary election the members of the committee of the political party holding the same are not entitled to act by proxy.

2. Where a judicial district was composed of four counties, and the regular chairman of a political party of three of such counties were present at a meeting at which a primary election was ordered, the fact that the chairman of the other county erroneously acted by proxy did not invalidate the acts of the committee.

3. Where an election contestant alleged that the committee of the party calling the primary election erroneously failed to take the oath required by statute before entering on their duties, which allegation was denied by the answer, the burden was on the contestant to prove.

4. In the absence of fraud, wrongful act or intent, failure of the members of the governing committee of a political party calling a primary election to take the oath before acting was insufficient to invalidate the election.

5. An order of a political committee calling a primary election that all Democratic youths who would become of age by the time the election was held should be permitted to vote at the primary, though erroneous, was insufficient to invalidate the election as against a person who was not a candidate.

6. Ky. St. 1903, sec. 1564, provides that all expenses of holding primary elections shall be borne by the political party holding the same, and shall be defrayed as provided by its committee or governing authority. Section 1561 provides that any person desiring to submit his name at a primary election shall apprise the committee, and on complying "with the conditions prescribed by

the committee" shall be declared a candidate, and that any person who has not given such notice, and "who has not complied with the conditions" prescribed, shall not have his name printed on the ballots used at such primary elections. HELD, that the committee of a political party holding a primary election had authority under such sections to require that the candidates pay the expenses of holding the primary, and that candidates who had failed to pay their proportion of such expense should not be voted for.

7. Const. sec. 6, providing that all elections shall be free and equal, has no application to primary elections.

8. Where contestant, a candidate for nomination at a primary election, failed to proceed by mandamus to compel the governing committee to place his name on the ballot notwithstanding his failure to pay his proportion of the cost of holding the election as required by such committee, and the other candidates submitted to the assessment, paid the same, and one of them was nominated, and thereafter elected, contestant was not entitled to claim that the election was void on the ground that such assessment was erroneous.

W. S. MONTGOMERY, FOR APPELLANT. HAZELRIGG, CHENAULT & HAZELRIGG, OF COUNSEL.

## QUESTIONS DISCUSSED.

1. The motion to strike out part of appellee's answer should have been sustained.

2. The primary was not held in accordance with the provisions of the statute regulating the holding of primary elections.

3. If section 1554 permits the committee to assess candidates, making the payment of such assessment a condition precedent to a candidate's having his name printed on the official ballot used in a primary, then that section is unconstitutional.

4. The appellant is not estopped to contest this election; nor has he waived his statutory right to contest the legality of the primary at which the appellee was nominated.

5. The nomination of the appellee being illegal and void, votes cast for him in the general election otherwise than by writing his name and stamping in the small square opposite, were not legally cast, and should not be counted for him.

## AUTHORITIES CITED.

15 Ky. Law Rep., 506; Kentucky Election Laws, sec. 79, 112; Kentucky Statutes, sec. 1563, sec. 1554: Young v Beckham, 72

Montgomery v. Chelf.

S. W., 1093; Young v. Beckham, 72 S. W., 1092; Brown v. Rep. Com., 68 S. W., 622; Constitution of Ky., sec. 6, sec. 148; Neal v. Young, 75 S. W., 1082, 1085; Moody v. Trimble, 24 Ky. Law Rep., 692; Edwards v. Loy, 68 S. W., 109 (24 Ky. Law Rep., 545); Elliott v. Burke, 68 S. W., 445; Graham v. Graham, 24 Ky. Law Rep., 549; Eagan v. Greene, 23 Ky. Law Rep., 1495.

JAMES MONTOGOMERY, FOR APPELLANT.    STROTHER & HARDIN, OF COUNSEL.

### QUESTIONS DISCUSSED.

1. The primary law is unconstitutional.  Sec. 6, and 148, Constitution.

2. It was not strictly complied with.

3. The election law is unconstitutional.

4. In either event the claimed nominee was not entitled to a preferential or any place on the ballot.

5. If so put on, the votes cast for him were illegal, as in Elliott v. Burks, 68 S. W., 445; Edwards v. Loy, 68 S. W., 1091; and Moss v. Riley, 43 S. W., 421.

6. The pleadings and proof made a recount absolutely necessary.

7. The ballots of the general election were improperly made.

8. Had the Legislature intended to place the power in the county clerks to make ballots not to be questioned without providing a quick means of objection by a board, as provided in many States, it would have been so easy to so provide, and it would have so provided.

9. To give such power into the hands of the county clerks would be dangerous to the people's liberties.

10. The frauds rendering the election nugatory.

### OTHER AUTHORITIES CITED.

Price v. Lush, 9 L. R. A., 467; Bowers v. Smith, 16 L. R. A., 502; 111 Mo., 45;  Owensboro v. Hickman, 90 Ky., 125, 629; Throckmorton v. Commonwealth, 35 S. W., 635; Hawkins v. Bereford (Ohio), 11th Weekly Law Bulletin, 7; Stackpole v. Snow, 67 Cal., 497; Southgate v. Griffiths, 37 S. W., 577.

SPRIGG & HALBERT, O'MEAR & JAMES, AND L. A. FAUREST, FOR APPELLEE.

### SYNOPSIS OF BRIEF AND AUTHORITIES CITED FOR APPELLEE.

1. A quorum of the committee participated in calling the primary, not counting the proxy, and every proposition voted on was

Montgomery v. Chelf.

carried without the vote of that proxy. Therefore, it is immaterial whether or not a committeeman can act by proxy.

2. The proof does not establish that the committee was not sworn before calling the primary.

(a) The presumption is they were so sworn. Am. & Eng. Ency. of Law, 2d Ed., vol. 23, p. 354.

(b) If not sworn, they were *de facto* officers and their acts were binding as to the public and third persons. Lunsford v. Culton, 15 Rep., 504; Paine on Elections, sec. 373; Am. & Eng. Ency. of Law, 2d. Ed., vol. 23, p. 355; Buckman v. Ruggles, 15 Mass., 180, 8 Am. Dec., 98; Farmers, &c. Bank v. Chester, 6 Humphreys, 458; 44 Am. Dec., 318; Tower v. Whip (W. Va.), 63 L. R. A., 937.

3. So much of the call as allowed minors to vote was superseded by the statute, but the primary election was not thereby rendered invalid. Eagan v. Gerwe, 23 Law Rep., 1495.

(a) Appellant was not prejudiced by that provision of the call and, therefore, can not complain of it. Graham v. Graham, 24 Law Rep., 548, 68 S. W. Rep., 1093.

4. The committee had the right to assess the cost of the primary on the candidates. Ky. Stat., secs. 1564 and 1561; Constitution of Ky., secs. 6 and 148.

(a) Appellant is not in a position to complain of the provision in the call requiring the candidates to pay the cost of the primary because he did not notify the committee that he was a candidate in the primary or ask it to place his name on the ballots. Eagan v. Gerwe, 23 Law Rep., 1495.

(b) The assessment was not unreasonable in amount.

5. The alleged irregularities did not tend to affect the result of the election, and it is too late now for appellant to complain of them. If he intended to do so, he should have acted in ample time before the general election to have had all these matters determined before that election. Bailey v. Hurst, 24 Law Rep., 504; Hardin v. Cress, 24 Law Rep., 513; Bates v. Crumbaugh, 24 Law Rep., 1205; Major v. Barker, 18 Law Rep., 104; Wilkins v. Duffy, 24 Law Rep., 913, 968; Bowers v. Smith (Mo.), 16 L. R. A., 754; Simpson v. Osborne, 52 Kans., 328; Stackpole v. Hallihan (Mont.), 28 L. R. A., 507.

6. In the absence of fraud, the ballots go into the hands of the voters untainted with any errors or irregularities theretofore committed. People v. Wood (New York), 42 N. E. Rep., 535; Blackmur v. Hildreth, (Mass.), 63 N. E. Rep., 14.

7. Appellant can not be declared elected because he did not receive a plurality of the votes cast. Howes v. Perry, 92 Ky., 261; Newcomb v. Kirtley, 13 B. Mon., 516.

Montgomery v. Chelf.

(a) Neither can the election be declared void, because there is neither allegation nor proof of fraud, intimidation, bribery or violence in the conduct of the election. Acts, 1900, p. 40; Wilkins v. Duffy, 24 Law Rep., 21; Creech v. Davis, 21 Law Rep., 325.

OPINION OF THE COURT BY JUDGE NUNN—AFFIRMING.

In the month of June, 1902, the county chairmen, the governing authority of the Democratic party in the Ninth Judicial District of Kentucky, met at West Point, and called a primary election for that district to be held on the 20th of September of that year to determine the nominees of the party for the offices of circuit court judge and Commonwealth's attorney, and at the same time the committee fixed $800 as the probable amount necessary to pay all expenses of the primary, and determined that the candidates for the two offices should pay this sum. A candidate for circuit judge was required to pay double as much as a candidate for Commonwealth's attorney, and the names of only such as paid the assessment should be placed upon the ballot to be voted for at the primary. At the time this call was made there were three candidates for circuit judge—appellant, appellee, and Hon. T. R. McBeath—the last two paying the assessment, and having their names placed upon the ballot. Appellant did not pay, and his name was not put upon the ballot, and he was not voted for in the primary. Appellee receiving the highest number of votes cast, his name was duly certified to the Secretary of State, and by that official to county court clerks of the respective counties of that judicial district, with directions to place appellee's name on the ballot as the Democratic candidate, and under the device of that party. At the election in November, 1903, appellee received over 8,000 votes, and appellant received less than 20 votes, as certified by the election officers. Appellee was

given a certificate of his election. Then appellant institut-
ed this action against appellee seeking to deprive him of the
office, and to obtain it for himself. The issues were made,
the proof heard, and the special judge who tried the case
dismissed appellant's petition, and adjudged that he should
pay the cost, and he has appealed.

Appellant contends that appellee's nomination was illegal
and void, and for that reason there was not a legal vote
cast for him at the election. The objections urged by him
to the primary election are: First, at the meeting of the
committee which called the primary one of the members
thereof was not present in person, but acted by proxy; sec-
ond, that the committee was not sworn before making the
call; third, the call provided that all Democratic youths
who would become of age by the November election, 1903,
could vote in the primary; and, fourth, that the cost of the
primary was assessed against the candidates, and it was
provided that no candidates' names should be printed on
the ballots unless he paid his part of the assessment. We will
consider these objections in the order stated.

We are of the opinion that in calling and conducting a
primary election, under the statutes, the members of the
committee whose duty it is to act in the matter can not
delegate this authority to others—i. e., can not perform this
duty by proxy—unless the party law expressly authorizes it,
which was not shown in this case. But it appears that
there are four counties in the Ninth Judicial District, and
that the regular chairmen of three of these counties were
present and made this call, and the presence of a proxy rep-
resenting the chairman from the other county did not have
the effect to make their acts illegal or void. This court, in
the case of Young v. Beckham, 115 Ky., 246, 72
S. W., 1092, 24 Ky. Law Rep., 2135, in construing
the statutes governing primary elections, decided that

Montgomery v. Chelf.

it was required of the committee calling a primary election to first take the oath required by the statute. Appellant alleged in his petition that this committee made this call without taking the required oath. This was denied by the answer, and the proof is silent upon the question. These committeemen were acting in this matter as the officers of the law, and subject to all the penalties prescribed by statute, and the burden devolved upon appellant to show affirmatively that they did not take the oath. The general presumption is that officials in the exercise of their duties have been duly sworn. See Gilbert v. Huston, Litt. Sel. Cas., 223, 23 Am. & Eng. Enc. of Law (2d Ed.), 354, and Jones on Evidence, vol. 1, sec. 28. Admitting, however, that the oath was not administered to the members of this committee before they called this primary, it did not have the effect to invalidate the primary election, as no fraud or wrongful act or intent was shown or attempted to be shown on the part of the committee or any one interested in the election. See 23 Am. & Eng. Enc. of Law (2d Ed.), 355; Mechem on Public Officers, secs. 255, 262; Graham v. Graham, 113 Ky., 743, 24 Ky. Law Rep., 548; and Lunsford v. Culton, 23 S. W., 946, 15 Ky. Law Rep., 504. In this last case the court said: "The law requires that the officers of an election should be sworn. Yet when there has been a fair election the voter will not be deprived of his vote or the candidate for the office of his election, if the legally qualified voters have voted for him." This primary election was fairly held. There was a full expression of the popular will of the party. If the officers were not sworn, the omission was by inadvertence, and not by design; and the people who voted ought not to be deprived of their votes, and the successful candidate of the office, because of such an oversight.

Supposing it to be true that the call which permitted

youths to vote was illegal, this did not have the effect to make the whole void and render the primary invalid. See Eagan v. Grewe, 112 Ky., 232, 65 S. W., 437, 23 Ky. Law Rep., 1495. Again, it is elementary that no one can complain of a failure to comply with a law unless he has been prejudiced thereby. See Graham v. Graham, 113 Ky., 743, 68 S. W., 1093, 24 Ky. Law Rep., 549. It was not shown that any person under age actually voted at the primary, and, if it had been, it could not have affected appellant, because he was not a candidate in it.

We now consider the last proposition—that the assessment laid upon the candidates to pay the cost of the primary was contrary to law, and rendered the primary void. Section 1564, Kentucky Statutes, 1903, provides: "All expenses of holding such primary elections shall be borne and paid by the political party holding same, and the pay of the officers, cost of publishing and circulating notices, and all other expenses shall be defrayed in such manner as may be provided for by the committee or governing authority of the political party holding such primary." Section 1561, Kentucky Statutes, 1903, provides: "Any person desiring to submit his name to the voters in a primary election shall, not later than fifteen days next preceding the holding of such primary election, apprise the committee or governing authorities of the political party holding such primary of the fact that he is a candidate, and upon complying with the conditions prescribed by the committee or governing authority for the regulation of candidates, shall be declared to be a candidate by the committee or governing authority of such political party; and any person who has not given such notice to the committee or governing authority, or who has not complied with the conditions prescribed by the committee or governing authority for the government of

candidates, shall not have his name printed on the ballots used in such primary elections." These sections clearly recognize that the committee has the authority to prescribe conditions to be complied with before the candidate is entitled to have his name printed on the ballot in addition to the submission of his name to the committee. We are unable to perceive what these conditions could be, except the payment of a due portion of the cost of the primary. But it is urged that, if the statutes mean this, it conflicts with the Constitution (section 6), which provides that "all elections shall be free and equal." That section of the Constitution has no reference to primary elections, but applies only to general elections. Section 148 of the Constitution provides that not more than one election can be held in any district in each year, except as otherwise provided in the Constitution. The Constitution nowhere makes provision for holding primaries. Therefore, if the word "election," as used in the Constitution, includes primary elections, the Constitution effectually prohibits the holding of primary elections at all. There is a general election every year, and if a primary can not be held in the same year with a general election, it can not be held at all. To make it more plain, if the Constitution only authorizes one election to be held within a year, and a primary election is an election within the meaning of the Constitution, then to hold a primary election and a general election the same year would be violative of this provision of the Constitution. But, even admitting that the Statutes did not authorize the committee to make this assessment on the candidates, and that it was also in violation of the provisions of the Constitution referred to, yet appellee, with other candidates, submitted to the assessment, and paid same, and had their names placed upon the primary ballots. Appellant declined to submit, and

failed to proceed, by mandamus to compel the committee to place his name on the ballot, as he had the right to do if the committee's act was illegal. See Young v. Beckham, supra. It was not shown nor attempted to be shown in the record that appellee or any candidate in any way induced the committee to make this assessment, and, if illegal, it operated against his rights as well as the other candidates who entered the primary. Appellee submitted to the wrong, if it was a wrong, and won the nomination, and we are unable to perceive how it rendered appellee's election in the primary void.

Wherefore the judgment of the lower court is affirmed.