Case 82.—SUIT BY T. J. HILL AGAINST J. F. HOLDAM AND
    OTHERS, AS THE DEMOCRATIC COMMITTEE FOR
    LINCOLN COUNTY, TO ENJOIN THEM FROM PROCEED-
    ING WITH AN ELECTION CONTEST.—June 6.

## Hill v. Holdam, &c.

Appeal from Lincoln Circuit Court.

W. C. Bell, Circuit Judge.

From a judgment dismissing his petition plaintiff
appeals.  Reversed.

Primary  Elections—Contests—Proceedings—Governing  Authority
    —Jurisdiction—Power of Courts—Notice—Time Given.

1. Primary  Elections—Contests—Proceedings—Under sec. 1563,
    Ky. Stats., in reference to primary elections, in case of a
    tie vote or contest the committee has the power to hear
    and determine who is entitled to the nomination, but in
    case of a tie the question does not arise until, upon a count
    of the vote, it is ascertained that two candidates have re-
    ceived an equal number of the votes, and then under sec.
    1551 it must be settled by the casting of lots as provided
    in sec. 1596a, subsec. 11, for, under sec. 1551, the primary
    election must be held and conducted in the same manner
    and under the same requirements as the regular State elec-
    tion, and this includes not only the receiving of the votes,
    but the counting of them and the ascertaining of the result.
2. Same—A contest can not arise in a primary election until
    it is instituted by the candidate defeated on the face of
    the returns.  When it is instituted by him the proceedings
    must be in the same form and manner as the governing

authority shall determine upon, but until it is instituted there is nothing for them to act upon.

3. Governing authority — Jurisdiction — Power of courts — The governing authority of the party is given exclusive jurisdiction to determine the contest. The court can not review or correct the decision of the committee on the merits of the contest, but the court may require the committee to act, or it may restrain them from acting when they have no jurisdiction.

4. Notice—Time Given—The time within which notice of a contest must be given is a matter not to be determined by the committee. By the statute in this State, for over fifty years, contest for county offices have been required to be instituted within ten days after the final action of the canvassing board, and under the present statute the time limit is the same, and contests in primary elections being, by sec. 1563, to be decided by the governing authority of the party holding the election, the grounds of the contest should be filed before it and notice given the contestee within ten days after the canvassing of the returns, otherwise the committee was without jurisdiction to proceed.

M. C. SAUFLEY and P. M. McROBERTS for appellant.

We submit that we have established four propositions of law, to wit:

1. Courts have jurisdiction of the matters in issue herein.

2. Notice of contest, in a primary election, must be given and filed within ten days after the final action of the county committee, or governing authority of the party.

3. A petition or specification of the grounds of contest must also be filed with the committee, or governing authority of the party, and within ten days after their final action.

4. The giving the notice of contest, and the filing of the petition, within the time prescribed by law are jurisdictional facts, and without them the committee or governing authority of the party have no right to hear or determine the claim of any defeated candidate.

### AUTHORITIES CITED.

On the question of jurisdiction: Eagan v. Gerwe, 23 Ky. Law Rep., 1495; Brown v. Rep. Ex. Co. Com., 23 Ky. Law Rep., 2421; Young v. Beckham, 24 Ky. Law Rep., 2136; Neal v. Young, 25 Ky. Law Rep., 186; Mason v. Byrley, 84 S. W., 767.

On sufficiency of notice and necessity for petition, and time of filing: Ky. Stats., secs. 1551, 1563; Ky. Elec. Laws, sec. 79;

Henry v. Secrest, 24 Ky. Law Rep., 1505; Beazley v. Adams, 82 S. W., 249.

On computation of time: Batman v. Megowan, 1 Metc., 533; Irwin v. Irwin, 20 Ky. Law Rep., 1762; Combs v. Eversole, 24 Ky. Law Rep., 1065; Smith v. Lawler, 25 Ky. Law Rep., 1782.

ROBT. HARDING for appellees.

SAM OWSLEY and E. V. PURYEAR of counsel.

1. The lower court had no jurisdiction to entertain the injunction proceedings instituted by appellant.

This is a contest and dispute over the title, to the nomination of the party for the office of sheriff, and sec. 1563 of the Statutes of Kentucky gives to the governing authority of the party in the county the exclusive jurisdiction to hear and determine such a dispute or contest between rival aspirants for such honors.

2. Appellant submitted himself to the jurisdiction of the committee and invoked a hearing and determination of the questions raised by him alone, and having met with an adverse decision of these questions he now seeks to have the court consider and determine these same questions again.

3. The statutes does not make any provision for an appeal from the decision of the committee upon the merits of the contest, or any question decided in the contest.

4. Appellant recognizes this in resorting to the extraordinary remedy of an injunction in these proceedings, and his action in doing so is wholly unwarranted.

5. The lower court did not and could not enjoin the committee from exercising the jurisdiction exclusively conferred upon it by sec. 1563, Ky. Stats. That section points out the only way and the only tribunal before which a contest can be heard and determined.

### AUTHORITIES CITED.

Ky. Stats., sec. 1563; Commonwealth v. Combs, 86 S. W., 699; Moody v. Trimble, 109 Ky., 139.

OPINION BY CHIEF JUSTICE HOBSON—Reversing.

T. J. Hill and G. W. De Borde were candidates for the Democratic nomination for sheriff of Lincoln county at a primary election held on December 3, 1904. On the face of the returns Hill received one vote more than De Borde, and on December 6th the

committee, after canvassing the returns, issued to him a certificate of nomination. On December 16th De Borde instituted proceedings of contest, and gave notice to Hill and the committee. Hill insisted that the notice was too late, but the committee overruled his objection, and fixed a day for the hearing of the contest. Hill thereupon brought this suit against the committee and De Borde to enjoin them from proceeding further in the matter. The circuit court dismissed his petition, and he appeals.

In Batman v. Megowan, 58 Ky., 533, it was held, under a statute requiring notice of contest to be given in 10 days, that where the final action was taken on the 6th of the month, and notice was given on the 16th, it was too late. This case has been since followed by the court. Primary elections are regulated by secs. 1550-1565, Ky. Stats., 1903.

Sec. 1551 provides: "All primary elections held in this Commonwealth by the various political parties shall be held and conducted in the same form and manner and under the same requirements as are or shall be provided by law for the holding of regular State elections, except in such particulars as are herein excepted."

Sec. 1563 further provides: "The duly authorized and constituted committee or governing authority in the county or district in which a primary election may be held hereunder is hereby empowered to count the votes received by all candidates in such primary elections, and to declare the candidate or candidates, in cases where candidates for more than one office are to be nominated, receiving the highest number of votes the nominee of such political party for the office for which he was voted for at such primary election. In all cases of a tie vote or contest, the committee or governing authority of the political party holding

such primary election shall have the power to hear and determine such contest, and decide who shall be entitled to the nomination. The proceedings in such cases shall be in such form and manner as the committee or governing authority shall determine upon.''

The committee had not prescribed the form and manner in which proceedings of contest were to be made, and it is insisted that the time within which notice of contest must be given was a matter to be determined by the committee. We do not so understand the statute. By sec. 1551 all primary elections must be held and conducted in the same form and manner and under the same requirements as are provided by law for the holding of regular State elections, except in such particulars as are excepted in the statute. The only provision of the statute referring to the matter before us is sec. 1563, above quoted. Under that section, in the case of a tie vote or contest, the committee has the power to hear and determine who is entitled to the nomination. But in the case of a tie the question does not arise until upon a count of the votes it is ascertained that two candidates have received an equal number of votes, and then, under sec. 1551, it must be settled by the casting of lots, as provided in sec. 1596a, sub-sec. 11; for, under sec. 1551, the primary election must be held and conducted in the same manner and under the same requirements as regular State elections, and this includes not only the receiving of the votes, but the counting of them and the ascertaining of the result.

A contest can not arise until it is instituted by the candidate defeated on the face of the returns. When it is instituted by him, the proceedings must be in such form and manner as the governing authority of the party shall determine upon; but until it is instituted there is nothing for them to act upon, just as

there is nothing for them· to act upon in the case of a tie vote until two candidates are found to have received the same number of votes. As there is nothing for the committee to act upon until there is a contest, and as primary elections are governed by the statute regulating State elections, except as otherwise expressly provided, its provisions limiting the time for beginning contests must control contests of primary elections. If the committee had the power to regulate ·when notice of contest might be given, then there would be no uniform rule for instituting such contests, and the committee, by failing to meet or provide for the contest, might defeat the right of a candidate to contest altogether. The statute was intended to put primary elections on the plane of regular elections. It only makes the committee the forum in which the contest is to be determined, leaving it to decide the form. and manner of the proceedings, and exempting primary elections from the statute prescribing how the evidence must be taken and within what time. The governing authority of the ·party is given exclusive jurisdiction to determine the contest. (Commonwealth v. Combs, 120 Ky., ----, 27 Ky. Law Rep., 750, 86 S. W.,. 699.) The courts can not review or correct the decision of the committee on the merits of the contest. (Beasley v. Adams, 118 Ky., 695, 26 Ky. Law Rep., 573, 82 S. W., 249.) But the court may require the committee to act, or it may restrain them from acting when they have no jurisdiction. (Mason v. Byrley, 26 Ky. Law Rep., 487, 84 S. W., 767; Neal v. Young, 75 S. W., 1082, 25 Ky. Law Rep., 186; Brown v. Republican Committee, 119 Ky., 720, 68 S. W., 622, 23 Ky. Law Rep., 2421; Eagan v. Gerwe, 112 Ky., 232, 23 Ky. Law Rep., 1495, 65 S. W., 437.)

In Henry v. Secrest, 114 Ky., 677, 71 S. W., 892, 24

Ky. Law Rep., 1505, we said: "If appellee intended to institute a contest, he should have done so in the usual and only proper manner, by giving notice to the committee, as well as to the candidate whose right to the nomination was to be contested, and by filing with the committee specifications showing fully the grounds upon which the contest was to be based."

By the statute in this State for over 50 years, contests for county offices have been required to be instituted within 10 days after the final action of the canvassing board. By the present statute such contests shall be by a petition filed in the circuit court, but the petition must be filed within 10 days after the final action of the board of canvassers. The time limit within which contests must be instituted remains the same, and, contests of primary elections being by sec. 1563 to be decided by the governing authority of the party holding the election, the grounds of contest should be filed before it, and notice given the contestee. Appellee properly served his notice on the appellant, and also lodged it with the committee, but, not having instituted his proceeding in time, the committee was without jurisdiction to proceed.

Judgment reversed, and cause remanded for a judgment as herein indicated.