## Hodge v. Bryan.

(Decided June 18, 1912.)

### Appeal from Campbell Circuit Court.

1. Primary Election Law.—Conceding that section 6 of the Constitution which declares that all elections shall be free and equal, applies to primary elections, the Primary Election law does not violate it as there is nothing in it rendering it not free or equal as to all classes of citizens included within it.

2. Primary Election Law.—As the Constitution does not prohibit the enactment of primary election laws, the Legislature had a right to pass such a law.

3. Primary Election Law.—The word "election" as used in the primary law does not refer to the election of an officer. It is only a selecting or naming of persons as candidates to be actually voted for at the November general election.

4. Primary Election Law—Exclusion of Presidential Electors.—It is objected that the act excludes presidential electors who are state officers, but while officers of the State, they are simply named by the political parties and are expected to carry out their instructions. The Legislature presumed that the evil sought to be remedied by this act was absent in the selecting of presiden-

tial electors, as well as other officers excluded, and the exclusion of these officers is not violative of the Constitution.

O'REAR & WILLIAMS, JOHN R. ALLEN and BARBOUR & BASSMAN for appellant.

MAT HERROLD, LEWIS McQUOWN, J. J. MOORE and JOHN F. BUTLER for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellant filed his petition in the Campbell Circuit Court against appellee, the county court clerk of that county, wherein he asked for an injunction prohibiting appellee from receiving petitions for nomination or any nomination papers from any candidate for the office of circuit judge; that the primary election law passed by the last General Assembly, be adjudged unconstitutional, and that it be held that no election can be had in November, 1912, to fill the vacancy in the circuit court judge's office in that county for the following reasons: First, because the primary election law is in conflict with section 6 of the Constitution of the State of Kentucky, which provides, "all elections shall be free equal." Second, because it is in conflict with section 59 of the Constitution, which provides that the General Assembly shall not pass local or special acts with reference to conducting elections, or with reference to any subject when the general law can be made to apply. Third, because it is in conflict with section 60 of the Constitution which provides that no law shall be enacted granting power or privileges in any case where such power or privileges can be provided for by general law. Fourth, because the act excludes presidential electors, who are State officers.

We will consider these questions in the order named and as presented in appellant's petition. Conceding that section 6 of the Constitution which declares that all elections shall be free and equal, applies to primary elections, this act does not violate it as there is nothing in it rendering it not free or unequal as to all classes of citizens included within it. Further, the penalties for the violation of this primary election law are the same as those imposed for the violation of the general election law, and should and probably will be enforced rigidly. The Constitution does not require the Legislature to enact primary election laws. It makes no refer-

ence to them, therefore, as the Constitution does not prohibit them, the Legislature had a right to pass such a law. In the case of Montgomery v. Chelf, 118 Ky., 766, this court expressly decided that the word "election," as used in the Constitution, had no application to primary elections. The word "election" as used in the primary law does not refer, in fact, to the election of an officer. It only means that the people should on the first Saturday of August in each year select, by means of a primary election, persons as candidates to be voted for at the general election held the following November. There is no election in August; it is only a selecting or naming of persons as candidates to be actually voted for at the November general election.

We will consider the second and third questions together. It is contended by appellant that as the primary election law excepts from its operation presidential electors, school trustees, trustees of towns of the fifth and sixth classes and the mayor and commissioners of second class cities that have adopted the commission form of government, it is special or class legislation which it prohibited by sections 59 and 60 of the Constitution, and contend that the persons excluded should have the equal benefit of the law. The general rule is that in construing statutes the courts must take into consideration the purpose of the statute, i. e., the object to be promoted or the evil to be remedied. (Commonwealth v. Trent, et al., 117 Ky., 34, and Katzman v. Commonwealth, 140 Ky., 124.) Class legislation is repugnant to the Constitution only when it is special and not general, that is, when it partakes of the character of a private act. (State Racing Commission v. Latonia Agricultural Ass'n, 136 Ky., 173. In the case of City of Louisville v. Commonwealth for School Board, 134 Ky., 488, this court said:

"Classification is a necessary feature and power of legislation, as it is impossible for any extensive code of laws to apply to every person or subject in the State."

In Sutherland's Statutory Construction, sec. 203, 2nd Ed., it is said:

"Whether or not an act is class legislation, or whether or not it is a general or special law, depends fundamentally upon a question of classification. Where an act is assailed as class or special legislation, the attack is necessarily based upon the claim that there are persons or things similarly situated to those embraced

and which by the terms of the act are excluded from its operation. The question then is whether the persons or things embraced by the act form by themselves a proper and legitimate class with reference to the purpose of the act. It is agreed on all hands that the Constitution does not forbid a reasonable and proper classification of the objects of legislation. The question is, what is reasonable and proper in the premises?''

What was the purpose and what appears to be the purpose and intended result of the act in question? It is a well known fact that heretofore candidates for office in this State were named by conventions of delegates; that these conventions were accused of letting themselves be controlled by bribes or ''bosses,'' and that the Legislature passed an act making it optional with the political parties whether or not they would nominate by conventions or by primary elections, but this left the matter still in the control of the ''bosses,'' for they could either resort to the convention method or the primary just as they choose, so the optional primary law did not remedy the evil to any great extent, and it was to obviate this evil and place the naming of candidates for certain offices in the hands of the people, avoiding the control of the interested leaders, that this act was passed. It is presumed that the Legislature had sufficient reasons to believe that no such protection was needed in the selection of school trustees and members of school boards when elected by separate ballots, and it, therefore, excluded them from the operation of the act, but if it should find in the future that there is a necessity for including them, it can do so by an amendment. They are not what are known as ''political jobs.'' The emoluments thereof are small and there is nothing to induce any one to want to control the nominations. The same reasons apply to the trustees of fifth and sixth class towns and to mayors and commissioners of second class cities that have adopted the commission form of government. It is conceded by appellant that all the exclusions except of the presidential electors, were reasonable and constitutional, but claim that the exclusion of the presidential electors renders the act fatally defective. This concession by appellant, in our opinion, weakens his contention. All agree that if the Legislature had a reasonable excuse for this exclusion, the act is constitutional. The presumption is that it thought it had a right and sufficient reason for

the exclusion of presidential electors. Presidential electors were held not to be United States officers in the case of Texas v. White, 74 U. S., 700, and McPherson v. Blacker, 146 U. S., 1, and they are not, according to appellant's contention, officers of the State, therefore, not officers of any kind. Even though they are officers of the State, they have prescribed duties to perform, and they receive no pay, except their expenses. There is no reason for, and experience teaches us that no hard or acrimonious fights will be made for these places. It is not worth one's time, there being only honor attached to the positions. They are simply named by the political parties and are expected to carry out their instructions, which in the past, they have done, with possibly one exception. The Legislature presumed, and rightfully so, that the evils sought to be remedied by this act were absent in the selecting of presidential electors, as well as in the other cases excluded. In speaking of the Legislature's right to classify subjects, this court in the case of Williams v. Nall, 108 Ky., 21, said:

"It must be necessary within the discretion of the Legislature to make some classification in this matter, and the court will never disturb its judgment unless it is manifestly arbitrary and unjust."

To the same effect are the cases of Commonwealth v. Taylor, et al., 101 Ky., 325; Hager, Auditor v. Ky. Children's Home Society, 26 Ky. L. R., 1133; Ky. Breeders' Association v. Hager, 27 Ky. L. R., 518, and Commonwealth v. Hillside Coal Co., 109 Ky., 47. The case last named, the Legislature excluded from the operation of the act, mines working less than a certain number of employes, and this court declared that act constitutional. The abuse sought to be remedied was the imposition practiced upon miners, and this abusive practice probably did not prevail in small mines which was a reasonable excuse for the exclusion. See also the case of Commonwealth v. Ward, 136 Ky., 146.

Appellant was appointed circuit judge under the late act increasing the judges of the Campbell Circuit Court. He received his appointment more than seventy days before the date fixed for holding the primary election, to-wit, the first Saturday in August, 1912. If the presidential electors are State officers, then his name should appear on the ballot of the August primary this year, but if they are not State officers, we have no city, town, county, district or State officers to be elected this

year and his name should not appear on the ballot, and he should hold his office until November, 1913. Appellant's purpose was to have this court declare that presidential electors are not State officers, or, if this was not done, to declare the act unconstitutional.

The only question left for determination is whether or not presidential electors are State officers. In the case of Todd v. Johnson, County Clerk, 99 Ky., 548, this court said:

"However, granting this, the appellant says there is to be at the November election, 1896, no election 'at which either city, town, county, district or State officers' are to be elected, and, therefore, the vacancy cannot then be filled; and this brings us to consider the serious question in this case. There will be elected at that time the electors of president and vice-president, and these, say counsel for appellees, are 'State officers;' and such they undoubtedly are."

This case was approved by this court in the case of Donlan, et al. v. Bird, et al., 118 Ky., 178, and we perceive no reason for departing from that doctrine at this time.

We deem it unnecessary to consider the question raised as to appellant's right to maintain this action because of his not belonging to that class of persons excluded by the act.

For the reasons stated, the judgment of the lower court is affirmed.