**Prince L. STEPHENS, County Judge, Appellant,**

v.

**J. S. HICKS et al., Appellees.**

Court of Appeals of Kentucky.

March 25, 1966.

John B. Breckinridge, Lexington, George M. Catlett, Catlett & Amato, Frankfort, for appellant.

R. B. Bertram, Bertram & Bertram, Monticello, for appellee.

HILL, Judge.

The appeal and cross-appeal herein question the validity of an order of the McCreary County Court entered August 25, 1965, "reapportioning" McCreary County into three in lieu of eight justices' districts. This appeal and cross-appeal are from a judgment of the McCreary Circuit Court upholding the county court order but

postponing its effective date until after the November 1965 general election.

On July 6, 1965, a petition was filed in McCreary County Court asking for a reapportionment of the county into justices' districts authorized by KRS 25.680 to 25.700. On the same date appellant, Prince L. Stephens, county judge, entered an order of reapportionment. On July 26, 1965, he entered an order appointing commissioners with directions to act within twenty days as required by statute. The commissioners filed their report August 14, 1965, creating three in lieu of the eight districts that had existed since the creation of McCreary County in 1912. Their report was ordered filed and to lay over until August 26, 1965, for exceptions, which were duly filed. On the trial of the issues raised by the exceptions, the county judge on August 26, 1965, entered an order reapportioning in accordance with the report of the commissioners.

This suit was filed in the McCreary Circuit Court seeking a writ of prohibition against appellant, the county judge, to enjoin the enforcement of the county court order.

The judgment of the circuit court upheld the county court order but further provided that: "However, to prevent confusion, the judgment so entered reapportioning the county into justices' districts is not to become effective until after the next regular November Election, which is November 2, 1965."

From this judgment the county judge, who will be referred to herein as appellant, appealed. A number of interested citizens, including the candidates nominated for justice of the peace at the May 1965 primary election, filed cross-appeal; they will be designated herein as appellees.

Appellant complains on this appeal of only that part of the judgment of the circuit court which postponed the effective date of the judgment until after the November election.

Appellees take the position the county court acted without jurisdiction because its order was entered on a date other than at a "regular term," and contends the appeal should be dismissed for violation of RCA 1.070, requiring the filing of a transcript of the evidence heard by the county judge on the question of publication of notices required by KRS 25.680. Appellees also argue that inasmuch as the county court judgment is void, the circuit court had jurisdiction to entertain a petition for writ of prohibition.

We reverse the judgment on appeal as well as on the cross-appeal without reaching the questions presented by the parties.

The authority for reapportioning justices' districts is embodied in KRS 25.680, from which we quote:

"A county may be reapportioned into justices' districts under the provisions of KRS 25.690 and 25.700 at any county court term four years after a previous apportionment, *but not within sixty days previous to an election for justice* of the peace." (Emphasis added.)

By law, the year in which the reapportionment was attempted (1965) was one in which justices were nominated and elected. At the time of the entry of the order in question, nominations had been made at the May primary election for the eight old districts. We conclude that "an election" within the meaning of the above statute embraces a primary election. To add to the confusion already existing in the reapportionment laws, recently the date for holding the primary election was by law moved up to May.

Any other interpretation of the statute in question would lead to endless confusion and disruption of democratic processes. It is true some of our early opinions have held that an election did not include a "primary election." Cf. Wilson v. Dean, 177 Ky. 97, 197 S.W. 547 (1917); Montgomery v. Chelf, 118 Ky. 766, 82 S.W. 388

(1904); Morgan v. Goode, 151 Ky. 284, 152 S.W. 584 (1912); and Hodge v. Bryan, 149 Ky. 110, 148 S.W. 21 (1912). However, in the Wilson case that part of the opinion which holds a "primary election" is not "an election" under the statute here involved was pure dictum as the opinion points out on page 548 of 197 S.W. that "it is not deemed necessary or essential to a determination of this cause that but one question be considered * * *" and that question concerned the power of the circuit court to grant a writ of prohibition against an inferior court.

The Montgomery case, supra, stands for the proposition that Section 148 of the Constitution did not contemplate a "primary" election in prohibiting more than one election in any one year. In this situation, to hold an election included a "primary election" would effectually prohibit the holding of a primary election at all. The Morgan case, supra, was likewise one involving the interpretation of Sections 148 and 147 of the Constitution.

Hodge v. Bryan, supra, declared that a "primary election" is not embraced by Section 6 of the Constitution.

Our conclusion in the present case really does not overrule the earlier opinions referred to above. We have a situation in the case at bar which not only justifies but demands a different interpretation of the word "election." That the difference in the context in which a word is used may authorize a different interpretation is elementary. Anyway, the orderly selection of public officers logically demands that any reapportionment must be done before a "primary" election. The reasons are obvious.

It is unnecessary to discuss other questions raised.

The judgment is reversed both on appeal and cross-appeal with directions to enter a judgment declaring the reapportionment order void and enjoining its enforcement.