Drexell DAVIS, Secretary of State and
Bremer Ehrler, Jefferson County
Court Clerk, Appellants,

v.

Robert E. DELAHANTY, Richard J.
Fitzgerald, and William E.
McAnulty, Jr., Appellees.

Supreme Court of Kentucky.

May 9, 1977.

Robert F. Stephens, Atty. Gen., George M. Geoghegan, III, Asst. Atty. Gen., Frankfort, J. Bruce Miller, County Atty., Jefferson County, Jack R. Underwood, Jr., James T. Carey, Asst. County Attys., Louisville, for appellants.

Thomas L. Hogan, Louisville, for appellees.

William T. Warner, Louisville, for amicus curiae Louisville Bar Assn.

PALMORE, Justice.

Section 117 of the Kentucky Constitution, a part of the 1975 Judicial Amendment, provides that all judges in the judicial system "shall be elected from their respective districts or circuits on a nonpartisan basis as provided by law." Pursuant to that section the 1976 General Assembly enacted KRS Chapter 118A covering the election of judges. Ch. 54, Acts of 1976, effective March 10, 1976. KRS 118A.060 and 118A.070 provide a primary-election process by which the number of candidates for each judicial office whose names shall be printed on the ballots for the general election is reduced to not more than two, as follows:

"118A.060. *Petition for nomination—Order of names on ballot—Secretary of state's duties—Ballot labels—Certificates of nomination.*—(1) Except as provided in KRS 118A.100 and 118A.110, no person's name shall appear on a ballot label or special ballot for an office of the Court of Justice without first having been nominated as provided in this section.

(2) Each candidate for nomination shall file a petition for nomination with the secretary of state not less than fifty-five (55) days before the day fixed by law for holding the primary election.

&ast; &ast; &ast; &ast; &ast; &ast;

(7) The names of the candidates shall be placed on the voting machine in a separate column or line headed or preceded by the words 'Judicial Ballot.' Above the names of candidates for nomination shall be printed the words 'Vote for one,' or 'Vote for one in each division,' as appropriate. The office, numbered division thereof if divisions exist, and the candidates therefor shall be clearly labeled. No party designation or emblem of any kind, nor any sign indicating any candidate's political belief or party affiliation, shall be used on voting machines or special ballots.

(8) The two (2) candidates receiving the highest number of votes for nomination for justice or judge of a district or circuit, or numbered division thereof if divisions exist, shall be nominated. Certificates of nomination shall be issued as provided in KRS 118A.190.

(9) If it appears after expiration of the time for filing petitions for nomination that there are not more than two (2) candidates who have filed the necessary petitions for a place on the ballot in the regular election, the secretary of state shall immediately issue and file in his office certificates of nomination, and send copies to the candidates."

"118A.070. *Eligibility of voters.*—In a primary election for an office of the Court of Justice, all registered voters, regardless of party affiliation or lack thereof, shall be allowed to vote for candidates for nomination to the office of justice or judge."

In accordance with Const. Sec. 113, also a part of the 1975 Judicial Amendment, the General Assembly at a special session held in December of 1976 provided for 23 numbered divisions of the district court in the Thirtieth Judicial District, comprising Jefferson County. Ch. 28, sec. 8, Kentucky Acts of the Extraordinary Session of 1976. There are 82 candidates for these 23 offices.

The appellees, Robert E. Delahanty, Richard J. Fitzgerald, and William E. McAnulty, Jr., all of whom are candidates for the office of District Judge in Jefferson County, brought this action in the Jefferson Circuit Court to enjoin the County Clerk and the Secretary of State from taking any action toward having the names of District-Judge candidates submitted to the primary-election process required by these statutes. They contend, and the trial court agreed, that KRS 118A.060 is unconstitutional and invalid.

In brief, the appellees say that by definition a "primary election" is partisan in nature, hence if KRS 118A.060 does in fact provide for such an election it violates Const. Sec. 117 because it is not nonpartisan, but if on the other hand the process does not constitute a "primary election," then it is an "election," and would violate Const. Sec. 148, which provides that not

more than "one election each year shall be held in this State," etc. They contend also that by restricting the number of candidates whose names may appear on the November ballot the statute runs afoul of Const. Sec. 6, which provides that all elections shall be free and equal.

The Louisville Bar Association, appearing as *amicus curiae*, takes a neutral position but suggests that a federal constitutional question may be involved.

In addition to the theories we have mentioned, the trial court was of the further opinion that a truly nonpartisan selection is not possible in the setting of a partisan primary election.

■ Taking this last point first, we can appreciate the concern expressed by the distinguished trial judge in that a purely nonpartisan nominating procedure is required to take place amid the jostling bustle of party primaries. Nevertheless, it occurs to us that if this rationale were extended to its logical conclusion, neither would it be possible to hold a nonpartisan election as a part of the general election in November, at which the atmosphere and trappings of partisan politics are even more prevalent but certainly unavoidable.

Counsel for the appellees, acknowledging the absence of any precedent on all fours with their theory, suggests that logic is the answer. Frankly, it strikes us that to knock this statute down would require not logic, but sheer whimsy.

Primary elections having originated in party politics, it is not surprising that they have often been so defined. Dictionaries, however, do not lead in the development of language—they follow, just as judge-made law should follow rather than initiate currents in the stream of human attitudes and conduct. It does not make good sense to say that because the term "primary election" has been generally associated with and descriptive of party politics there cannot be a primary election without partisanship. In short, the mere choice of words in calling this process a primary election does not deprive it of the nonpartisan character

enjoined by Const. Sec. 117. Nor does the fact that it is held at the same time and place as the party primaries.

■ With respect to the inhibition of Const. Sec. 148 against more than one election in each year, "That section . . . has no reference to primary elections, but applies only to general elections." *Montgomery v. Chelf*, 118 Ky. 766, 26 K.L.R. 638, 82 S.W. 388, 390 (1904); *Morgan v. Goode*, 151 Ky. 284, 152 S.W. 584, 587 (1912). It is a part of the election process but of itself cannot be an "election," because it does not culminate in any candidate's election to office. It is no more than a necessary and reasonable procedure for determining which candidates have the requisite support to justify having their names printed on the ballot for the general election. It does not, as counsel for the appellees contends, eliminate any candidates. It simply eliminates them from the quest to have their names printed on the ballot. They may still seek election, and indeed may be elected, by write-in vote.

"The right to thus vote and be voted for is a constitutional right, but the privilege of having one's name printed on the ballot as a candidate for a particular office is necessarily limited to those who comply with the requirements prescribed by the Legislature, having for their object the ascertainment of the will of the electorate within the limits of practicability. . . . As we have indicated before, neither Section 6 of the Constitution nor any other provision therein contained confers any right upon a candidate or a voter to have the candidate's name printed upon the official ballot." *Asher v. Arnett*, 280 Ky. 347, 132 S.W.2d 772, 775, 776 (1939).

■ We have considered the opinions of the United States Supreme Court cited by the bar association and mentioned in the opinion of the trial court. None of them, we think, militates against the validity of KRS 118A.060 in terms of the First, Fifth or Fourteenth Amendments of the United States Constitution. Certainly there is no such discrimination as that which appeared in *Williams v. Rhodes*, 393 U.S. 23, 89 S.Ct.

5, 21 L.Ed.2d 24 (1968), and if by limiting the names permitted to be printed on the ballot in the general election the process of a primary election were held to be a denial of access to the general election ballot, the whole system and structure through which officeholders both state and federal have always been elected would fall to the ground in one vast cloud of dust. We cannot foretell such a catastrophe from anything the highest court of the country has said.

The judgment is reversed with direction that the complaint be dismissed.

REED, C. J., and CLAYTON, JONES, PALMORE, STEPHENSON and STERNBERG, JJ., sitting.

All concur.