CASE 5—ACTION FOR DISSOLUTION OF CORPORATION—MAR. 10.

# Williams v. Nall, Etc.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

JUDGMENT FOR DEFENDANT.  AFFIRMED.

DOUBLE LIABILITY OF STOCKHOLDERS—POWER OF LEGISLATURE TO IN-
    CREASE LIABILITY—RIGHT OF STOCKHOLDER TO ASK FOR DISSOLU-
    TION.
Held:  1. Kentucky Statutes, section 573—part of chapter entitled "Corporations"—which provides that after September 28, 1897, "the provisions of this chapter shall apply to all corporations created or organized under the laws of this State, if said provisions would be applicable to them if organized under this chapter," the provisions of section 547, which

forms part of the same chapter, imposing upon each stockholder of a corporation, other than certain companies excepted, a liability for the debts of the corporation to the extent of twice the amount of his stock, apply to the stockholders of all corporations, other than those excepted, whether created before or after the statute was enacted.

2. Where the articles of a corporation organized under General Statutes, chapter 56, after the present Constitution was adopted, exempted stockholders from personal liability for the debts of the corporation, the Legislature had power to repeal that exemption, not only by virtue of Constitution, section 3, providing that "every grant of a franchise, privilege or exemption shall remain subject to revocation, alteration or amendment," but by virtue of the act of 1856, reserving to the Legislature a like power of revocation.

3. The fact that the statute excepts certain classes of corporations from the operation of the section imposing a personal liability upon stockholders does not render it unconstitutional, as the action of the Legislature in making such a classification will not be disturbed unless manifestly arbitrary and unjust.

4. A stockholder is not entitled to a dissolution of the corporation because of a change in the law whereby stockholders are made liable for the debts of the corporation, the right to dissolve being vested in the corporation, and not in a minority of the stockholders.

DODD & DODD and KOHN, BAIRD & SPINDLE for appellant.

1. Neither the Legislature nor the organic law of any State can deprive a citizen of his property without due process of law and making just compensation therefor, and to the extent that any such legislation, enacted after the making of a lawful contract, attempts to make the estate of a contracting party liable for double the specified amount named in his contract, such coercive legislation is obnoxious to the Federal and State Constitutions.

2. A stockholder who does not assent to the proposed materially altered corporate contract, has the right to prevent the company from proceeding to act under it, and compel it to wind up, or he may withdraw and compel the company to secure to him the equitable value of his interest therein.

3. The essential idea of a private corporation involves artificial individuality of the corporate entity with limited liability on the part of the constituent stockholders. *The stockholder is an individual person separate and distinct from the corporation.*

4. The Legislature has no more power to force the appellant to accept, as a substitute for his original contract of 1891, the provisions of

sections 547 and 573 of the Kentucky Statutes, and compel him to continue his investment thereunder, than it had at the outset to have compelled him to become one of the original incorporators.

5. The appellees have neither accepted nor rejected the new charter, as required by section 570 of the act of February 14, 1856, and they persist in continuing to conduct business in the corporate name, and are daily incurring liability for the penalties pre-scribed for such action in the new law.

Sec. 558, Ky. Stats.; 15 B. Mon., 363 Sage v. Dillard; 2 Met., 322, Fry v. Lex. & Big Sandy R. R. Co.; 81 Ky., 593, Orr v. Bracken County; 3 Bush, 592, Griffin v. Ins. Co.; 10 Bush, 604, C. & O. R. R. Co. v. Barren Co.; Ohio Constitution of 1851, sec. 2 of art. 13, and sec. 9 of art. 14; 19 Ohio, 369, Ireland v. Palestine Co.; 21 Gratt, 598, Seaton v. Bank; 18 N. J. Eq., 188, Zobriskie v. Hackensack R. R. Co.; 9 Ind., 369, McCrary v. Junction R. R. Co.; 16 Ind., 46, State v. Bailey; 41 Fed. Rep., 610, Hill v. Glasgow R. R. Co.; 105 U. S., 13, Greenwood v. Freight Co.; sec. 501, Cook on Stockholders; secs. 91, 3034 and 5416-17, Thompson's Commentaries on Corporations; 41 N. J. Eq., 5 Mills v. Central R. R. Co.; 39 Me., 580, Oldtown R. R. Co. v. Venzie; 2 Wall., 10 Hawthorn v. Calef; 21 Wall., 249, Ochiltree v. R. R. Co.; 19 Ky. Law Rep., 593, Brewster v. Miller.

HUMPHREY & DAVIE for appellees.

1. A corporation organized December, 1891, under chapter 56 of the General Statutes, with a clause declaring that stockholders shall not be liable for corporate debts, and that the corporation shall continue for twenty-five years:

If the Legislature intends by section 547 to subject the stock-holders to a double liability, the section is void as applied to pre-existing corporations. If valid it is binding on the corporation without their vote, and a minority stockholder can not ask to have the corporation dissolved.

2. This corporation was formed under chapter 56, but not until December, 1891. Hence, it is subject to the provisions of chapter 3 of present Constitution, and had no occasion to accept the provisions of the Constitution. Sec. 190, Constitution.

3. Amendments to articles of incorporation or to charters are of two kinds: Compulsory, and such as are optional with the corporation. 2 Cook on Corporations, secs. 497 and 498. The Legislature can, without the will of the stockholders of a corporation, impose upon them certain changes. New York and New England

R. R. v. Bristol, 151 U. S., 556; Mo., Pac. Ry. Co. v. Humes, 115 U. S., 512; Minn. & St. Louis Ry. v. Emmons, 149 U. S., 364; Mo., Pac. Ry. Co. v. Mackey, 127 U. S., 205; St. Louis & San Francisco Ry. v. Matthews, 165 U. S., 1; Lake Shore & Mich. So. Ry. Co. v. Ohio, 173 U. S., 285.

An amendment imposing a double liability is of this character and compulsory. 2 Cook on Corporations, sec. 501.

4. The only remedy which a minority stockholder has against accepting and acting on an amendment, is by an injunction, and he has no right in any event to a dissolution. 2 Cook on Corporations, sec. 502; also sec. 894; Lee's Bank, 21 N. Y., 11; Ireland v. Palestine Turnpike, 19 Ohio St., 369 (distinguished).

5. The doctrine of acquiescence only applies to such amendments as are capable of rejection. 2 Cook on Corporations, sec. 503.

6. Under a correct construction of section 547 it does not impose a double liability upon existing corporations. A court will not give a retroactive construction to a statute. Railroad v. Judge, 10 Bush, 574; Cooley on Con. Lim., 77; State v. St. Joseph, 116 Mo., 575; 3 Cook on Stockholders, sec. 609a; Thompson on Corporations, sec. 3866; Bailey v. Com., 11 Bush, 688; United States v. Kirby, 7 Wallace, 483; Black on Interpretation of Laws, p. 100; Megargee v. Wakefield Mfg. Co., 48 Pa. St., 442.

7 To construe a statute in this way would make it partial in its operation, and, therefore, void. Lewis v. Ky. Trust Co., 82 Ky., 579; Winchester Bldg. & Loan Assn. Case, 12 Bush, 110.

8. Construed in this way it would violate the Federal Constitution, there not being a real classification of corporations in section 547 Juniata Limestone Co. v. Fagley, 187 Pa. St., 193; In re Grice, 79 Fed. Rep., 645; Dent v. W. Va., 129 U. S., 114; Yeck Wo v. Hopkins, 118 U. S., 356; Barbier v. Connolly, 113 U. S., 27; Gulf R. R. v. Ellis, 165 U. S., 150; Cincinnati Southern Co. v. Clark & Bennett, 11 Ky. Law Rep., 808; State v. Gardner, 58 Ohio St., 599; State v. Loomis, 115 Mo., 307; State v. Goodwill, 33 W. Va., 179; Ex parte Jones, 43 S. W., 513; Frazier v. McConway Co., 82 Fed. Rep., 257; Braceville Coal Co. v. People, 147 Ill., 66.

9. The Legislature has not reserved power to impose this liability, because to do so, is not to alter, amend or repeal any franchise privilege or exemption. 1 Cook on Corporations, sec. 212; Thompson on Corporations sec. 2925; Gray v. Coffin, 9 Cush., 192; Louisville Tobacco Warehouse Co. v. Com., 20 Ky. Law Rep., 1747.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

The present Constitution of the State was adopted September 28, 1891. After this, on December 21, 1891, a corporation under the name of the Nall & Williams Tobacco Company was formed pursuant to the provisions of chapter 56 of the General Statutes, which were then in force. Among the powers of such corporations, the statute authorized the incorporators in their articles to exempt the private property of the members from liability for corporate debts (Gen. St. p. 763), and by their articles these incorporators so provided. By section 3 of the State Constitution, which was then in force, it is provided: "Every grant of a franchise, privilege or exemption shall remain subject to revocation, alteration or amendment." One of the special aims of the Constitution was to rid the State of special legislation, and secure a more perfect uniformity in the laws of the State. To this end, section 245 directed the appointment of commissioners to revise the statute laws of the Commonwealth. The commissioners so appointed reported to the next General Assembly a bill which was passed by it entitled "An act providing for the creation and regulation of private corporations." (Sess. Acts, 1891-1893, p. 612.) This act, with some amendments, now constitutes chapter 32 of the Kentucky Statutes, and contains, among others, the provision (section 547) that the stockholders of each corporation thereafter created shall be liable to its creditors individually to the extent of the amount of their stock at par value in addition to the amount of such stock; also the further provision (section 573) that after September 28, 1897, this statute shall apply to all existing corporations created or organized under the laws of the State, so far as it would apply to them if thereafter created. On October 13, 1897, appellant, P. P. Williams, filed this suit in equity against the

corporation and the other stockholders, alleging that he held stock in the corporation to the amount of $35,000 out of a total paid-up stock of $100,000; that the stock was not profitable; that he was unwilling to be responsible for the debts of the corporation, or for it to continue in business making him responsible therefor; that on September 21, 1897, he had notified the appellees of this, demanding the liquidation of the corporation as of date September 28, 1897, and that this they had refused. He prayed the appointment of a receiver to wind up the business of the corporation, or that he be allowed to dissolve his connection with it on equitable terms. To this petition the court below sustained a demurrer, and, he failing to plead further, the action was dismissed.

It is earnestly insisted for the appellant that when he put $35,000 of his fortune in this enterprise it was on condition that the remainder of what he had was not to be responsible for the corporate debts, and, while the Legislature had the power to modify the charter of the corporation, and impair the value of what he had put into it, it could not reach out into his private estate, and place that also in the power of the corporation by making it liable for the corporate debts. Several important questions are necessary to the decision of the case: (1) Does the statute above referred to make stockholders in corporations in existence when it was enacted liable personally to the extent of the amount of their stock for all debts of the corporation created after September 28, 1897? (2) Had the Legislature power to make such a law as to existing corporations? (3) Can appellant demand relief from a contract made with notice of his legal rights? These questions will be disposed of in the order stated.

1. The sections of the statute in question read as fol-
lows:

"The stockholders of each corporation shall be liable
to creditors for the full amount of the unpaid part of the
stock subscribed for by them, and stockholders of cor-
porations not organized for educational, religious, ·char-
itable or benevolent purposes, or for the purpose of build,
ing, constructing or operating turnpikes or bridges, lines
of railroad, telegraph or telephone, or developing or im-
proving lands, mines, or waterways, or construct-
ing or operating water, gas or electric plants, or
operating for petroleum, natural gas or salt water,
shall be individually responsible, equally and ratably, and
not one for the other, for all contracts and liabilities of
such corporation to the extent of the amount of their
stock at par value, in addition to the amount of such stock;
but persons holding stock as fiduciaries shall not be per-
sonally liable as stockholders, but the estates in their
hands shall be liable, in the same manner and to the same
extent as the property of other stockholders; and no
transfer of stock shall operate as a release of any such
liability existing at the time of such transfer: provided,
the action to enforce such liability shall be commenced
within two years from the time of transfer." Section 547.

"The provisions of all charters and articles of incorpo-
ration, whether granted by special act of the General As-
sembly, or obtained under any general incorporation law,
which are inconsistent with the provisions of this chap-
ter concerning similar corporations, to the extent of such
conflict, and all powers, privileges or immunities of any
such corporation which could not be obtained under the
provisions of this chapter, shall stand repealed on Sep-

tember 28, 1897; and if the officers, managers or agents of such corporation shall, after said date, exercise any powers, privileges or immunities repealed by this section, or inconsistent with the provisions of this chapter, relating to similar corporations, or which could not be obtained under this chapter, the officer, manager or agent so offending, and the corporation for which he acts, shall each be guilty of a misdemeanor, and fined for each offense not less than one hundred nor more than one thousand dollars, and upon the conviction of the corporation, the trial jury may, at their discretion, direct the forfeiture of its charter or articles of incorporation, in which case the court shall so adjudge. After the twenty-eighth day of September, 1897, the provisions of this chapter shall apply to all corporations created or organized under the laws of this State, if said provisions would be applicable to them if organized under this chapter." Section 573.

It is earnestly argued by counsel for appellees that only the powers, privileges, and immunities of the corporation are affected; that exemption from liability for the debs of the corporation is not a franchise of the corporation, but a privilege of the stockholders, and is not affected by the statute quoted. Without discussing the meaning of the section, if the last sentence had been omitted, we think it clear that part of the section leaves no room for this argument. It declares that after September 28, 1897, the provisions of the chapter shall apply alike to all corporations created or organized under the laws of the State. By the previous provision of the chapter the liability for the debts of the corporation had been imposed on the stockholders to the extent of their stock; and this provision, like all the rest, was plainly intended to apply

Williams v. Nall, &c.

to all corporations other than those excepted from its operation, whether created before or after the act was passed. The statute was intended to secure uniformity. Time was given until September 28, 1897, for the old corporations to adjust their affairs before the law was made applicable to them, but the whole purpose and spirit of the act would be defeated if they were exempted from its operation thereafter.

2. It is true that the corporation had no power of itself to implicate its stockholders in a liability which they had declared they would not incur. But their only right to exemption from liability for the debts of the corporation was by virtue of the statute giving it the power to exempt its stockholders from this liability. This statute the Legislature had the right to repeal, not only by virtue of the provision of the Constitution above quoted, but by reason of a statutory reservation of this legislative power by the act of 1856, passed long before the enactment of the statute under which the corporation was organized. The stockholders formed the corporation on the conditions held out by the laws of the State. One of these conditions was that the act under which they were created might be amended or altered by the Legislature at pleasure, as it might deen necessary. The Legislature might, in the first place, have provided that the stockholders should be liable for the corporate debts; and when it provided that they should not be so liable, but reserved the right to alter or amend the law, or to repeal any grant or franchise obtained under it, those who had acted under the statute with full notice of these facts can not complain that any constitutional right of theirs is violated by the alteration of the law. The rule is thus stated in Thomp.

Corp. section 3034: "Where the Legislature passes a
general statute authorizing the organization of corpora.
tions, and provides for an exemption from individual lia.
bility on the part of their members, and in the statute re-
serves the right to alter or repeal it, this is a reservation
of the power to alter or repeal all or any of the terms,
conditions, and rules of liability prescribed in the act;
and it is competent for the Legislature thereafter to pass
an act imposing individual liability upon the members of
such corporations, although they were such at the time of
the latter act." So, in 2 Cook, Corp. section 501, it is
said: "The best view taken of this reserved power of the
State is that under it a fundamental amendment to the
charter does not authorize a majority of the stockholders
to accept the amendment, and proceed, but that unani-
mous consent of the stockholders is necessary. Under this
reserved power, however, the Legislature, it is held, may
impose a statutory liability upon stockholders after they
have been incorporated, and have gone into a business un-
der a charter which does not impose such liability. The
exercise of this power by the Legislature in such a case
is held to be only a repeal of part of the corporate fran-
chise. So, also, it is said that under this reserved power
the Legislature may impose a statutory liability for the
future debts and obligations of the corporation." This
rule has the support of the United States Supreme Court
(Sherman v. Smith, 1 Black, 587, 17 L. Ed., 163), and is sus-
tained by an overwhelming weight of authority in the
State courts. *In re* Empire City Bank, 18 N. Y., 199;
*In re* Lee's Bank, 21 N. Y., 9; *In re* Reciprocity Bank, 22
N. Y., 9; McGowan v. McDonald, 111 Cal., 57, 43 Pac., 418;
Bissell v. Heath, 98 Mich., 472, (57 N. W., 585); Dam Co.

v. Gray, 30 Me., 547; Sleeper v. Goodwin, 67 Wis., 577, (31 N. W., 335). Nor is the statute liable to constitutional objection because certain classes of corporations, whether organized before or after its enactment, are excepted from the operatioh of the section imposing a personal liability upon the stockholders. It was a matter of legislative discretion as to what classes of corporations it was necessary for the security of creditors to include within the statute. It might have made the rule apply only to corporations engaged in banking, or in some mercantile business, as has often been done. It must be necessarily within the discretion of the Legislature to make some classification in this matter, and the court will never disturb its judgment unless it is manifestly arbitrary and unjust. This is not the case with the statute before us.

3. The remaining question is: Is appellant entitled to a dissolution of the corporation, or to terminate his connection with it, in order to avoid liability for the corporate debts after September 28, 1897? If he has this right, then the holder of one share of stock in all of these corporations created before the act of April 5, 1893, had the same right. Such a result was certainly not contemplated. A large part of the business of the State was then done by such corporations, and such a construction of the statute at the time would have brought about countless confusion and litigation paralyzing the prosperity of the State. In organizing this corporation, the stockholders in effect agreed that the corporation might affect their individual interest to the extent of the authority conferred upon it, and that this authority might be altered or changed by the Legislature. The disability of the corporation to bind the stockholders beyond the amount of the stock, like any

other power conferred upon it, might be changed by the Legislature, and we see no reason for applying to it a different rule than to other important changes in the corporate authority. True, the Legislature could not force upon the corporation the amended grant. If it did not see fit to go on with the business under the new law, it might quit. But this right to dissolve is vested in the corporation, and not in the minority of the stockholders. And if a minority of the stockholders would have no right to a dissolution for other material changes in the law, they have no more right to demand it on account of the change in legislative policy as to the liability of the stockholders; because their exemption from this liability was solely by virtue of the provision of the statute under which they organized, and they knew, when they organized, that this provision, like any of the others contained in the statute, was subject to alteration or repeal by the Legislature. By the charter of this corporation it is provided that it is to continue for twenty-five years unless sooner dissolved by vote of a majority in value of the stockholders. Though it is a hardship on appellant for the corporation to continue in business, thus making him liable individually for its debts beyond the amount of his stock,—a thing not contemplated by him, in fact, when he went into it,— still all the stockholders, in making that arrangement, must be deemed to have acted with knowledge that the Legislature might, in its discretion, take away the privilege of enjoying dividends without personal liability to the creditors of the concern if the enterprise was unsuccessful. This was a privilege not enjoyed by persons in general, and, when the Legislature has made them responsible individually to the extent of the amount of their stock, they still stand on a much more favored footing

than individuals or partnerships carrying on the same business. While a hardship may be suffered by appellant, and unexpected loss imposed upon him, still it must be remembered that a greater loss might be imposed upon his associates if they were required now to dissolve and wind up the concern. By their charter they acquired the right to continue the business for twenty-five years under it, subject to such changes as the Legislature might see fit to make, and this contract right of theirs is as sacred as any other contract right. The court can not take it from them while they insist upon exercising it, for to do this might be, after valuable interests had vested in the enterprise, to deny them the benefits of a contract fairly made by all the parties, with notice that the very thing might happen which is now alleged as the basis of relief in this action. We are therefore of opinion that the petition stated no cause of action, and that the court below properly sustained a demurrer to it. Judgment affirmed.

Judges Paynter and Guffy dissent.