ALLEN ET AL. v. PONTIUS, SUPERINTENDENT OF
BANKS, ET. AL.
POOR v. THE GERMAN AMERICAN COMMERCIAL &
SAVINGS BANK ET AL.

Constitutional law—Double liability of bank stockholders—Section 3, Article XIII, Constitution, 1912—Stock acquired before amendment—Impairment of obligations. of contracts—Debts incurred after amendment.

The amendment of Section 3, Article XIII of the Constitution, imposing double. liability on stockholders in corporations authorized to receive money on deposit, effective January 1, 1913, does not impair the obligation of the contract of the stockholders who acquired their stock prior to the amendment, and the double liability of such stockholders may be enforced for indebtedness incurred by the corporation after such amendment.

(Decided March 21, 1921.)

ERROR: Court of Appeals for Hamilton county.
APPEAL: Court of Appeals for Hamilton county.

Messrs. Bettinger, Schmitt & Kreis and Messrs. Tuttle & Ross, for plaintiffs in error.
Mr. Edgar W. Cist and Mr. George T. Poor, for defendants in error.

Mr. Edgar W. Cist and Mr. John C. Healy, for plaintiff.
Messrs. Tuttle & Ross; Messrs. Bettinger, Schmitt & Kreis; Mr. John G. Price, attorney general, and Mr. Henry G. Hauck, for defendants.

BUCHWALTER, J.    This case was presented on both error and appeal.

The action below was brought by Woodson Poor on behalf of himself and all creditors of The German American Commercial and Savings Bank against the stockholders of the bank to recover unpaid stock subscriptions and to enforce the double liability against the stockholders. The superintendent of banks of Ohio was also made a party to the action. Judgment was rendered against the various defendant stockholders on the claim of double liability and the cause is before this court for review.

The question of unpaid subscriptions is not here involved.

The German American Commercial and Savings Bank was duly incorporated and authorized to receive money on deposit under the laws of Ohio. Plaintiff, as a depositor, had a balance to his credit in said bank on July 26, 1916, on which date the superintendent of banks of the state of Ohio took possession of all assets of the bank because it was wholly insolvent.

The bank was organized in August, 1909, and the stock was sold between the time of the organization and January 1, 1913, during which period, under Section 3, Article XIII of the Constitution, as it then existed, no stockholder was individually liable otherwise than for his unpaid stock subscription. This provision of the constitution was amended in 1912, to provide for double stock liability for stockholders of banks, and became effective January 1, 1913. Whether or not the double liability provided for by Section 3, Article XIII of the Constitution, which became effective January 1, 1913, can be enforced, for indebtedness incurred after that date, against stockholders of banks who acquired their stock prior to that time, is the only question for determination.

A stock subscription constitutes a contract be-
tween the stockholders, a corporation, and creditors
of the latter. *Kulp* v. *Fleming,* 65 Ohio St., 321.

Section 10, Article I of the Constitution of the
United States, provides:

"No State shall * * * pass any * * *
Law impairing the obligation of contracts."

Does this amendment, providing for double lia-
bility, impair the obligation of the contract entered
into by the stockholders? The amendment makes
no distinction between stockholders of banks incor-
porated before and those incorporated after the pro-
vision goes into effect, and, unless an obligation of
the contract is impaired, so as to bring it within the
inhibition of the provisions of the Constitution of
the United States, the stockholders would be liable
in this action.

Section 1, Article XIII of the Constitution of Ohio
of 1851, is:

"The general assembly shall pass no special act
conferring corporate powers."

Section 2 is:

"Corporations may be formed under general
laws; but all such laws may, from time to time, be
altered or repealed."

Section 3 is:

"Dues from private corporations shall be secured
by such means as may be prescribed by law, but in
no case shall any stockholder be individually liable
otherwise than for the unpaid stock owned by him
or her."

These were the provisions of the constitution in
force at the time of the incorporation of the bank
and the acquisition of the stock. The amendment
taking effect January 1, 1913, added to Section 3 the
following:

"Except that stockholders of corporations authorized to receive money on deposit shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts, and engagements of such corporations, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares."

It is urged that inasmuch as the constitution in force at the time of subscription exempted the stockholders from double liability any additional burden imposed on them by the amendment would impair the obligation of the contract.

In *Gunn* v. *Barry*, 15 Wall., 610, at page 623, it is said:

"A state can no more impair an existing contract by a constitutional provision, than by a legislative act; both are within the prohibition of the National Constitution."

Numerous cases hold that a legislature or general assembly may change the liability of a stockholder by subsequent legislation, where the laws in effect at the date of incorporation provide that they may be, from time to time, altered or repealed. It is held that such an exercise of power by the legislature does not impair the obligation of the contract.

In *Sherman* v. *Smith*, 1 Black, 587, the United States supreme court, in a case wherein the state of New York had established a general banking law, which contained provision that members of an association organized under it should not be individually liable for its debts, unless by their own agreement, but reserved to the state the right to repeal or change the law, which, afterwards, by amendment to the state constitution and by act of the legisla-

ture, was changed so as to declare shareholders of all banks that continued to issue notes after a certain time individually responsible, held:

"1. That the stockholders of a bank, organized under the general banking law before the amendment of the constitution, are liable for the debts of the association in their individual capacity."

"3. That the change made by the constitution and subsequent act of the Legislature were not the less constitutional and valid, as against this bank, because the stockholders, in their articles of association, had declared that they would not be individually bound for the debts of the concern."

See also *Attorney General* v. *Chicago & Northwestern Ry. Co.*, 35 Wis., 425, 575; *Sleeper* v. *Goodwin*, 67 Wis., 577, and *In Re Matter of Oliver Lee & Co.'s Bank*, 21 N. Y., 9.

In *McGowan* v. *McDonald*, 111 Cal., 57, at page 66, the court says:

"It is objected, however, that if the provisions of the code and constitution are applicable they impose obligations upon appellants for which they were not liable when they became stockholders, and are in conflict with that provision of the constitution of the United States which inhibits the states from passing laws impairing the obligation of contracts, and are therefore as to them unconstitutional and of no effect.

"The answer to this objection is that the constitution of 1849 provided: 'Corporations may be formed under general laws, but shall not be created by special act, except for municipal purposes. All general laws and special acts passed pursuant to this section may be altered from time to time, or repealed. (Const., art. IV, sec. 31.)

"Under the authority thus conferred both the legislature and the people had power to change the law in regard to the liability of stockholders, without violating any provision of the constitution of the United States."

See also *Williams* v. *Nall, etc.,* 108 Ky., 21, 55 S. W. Rep., 706, 708.

So that if the legislature could impose a double liability on stockholders, where the law in effect at the time of incorporation and subscription of stock contained a proviso that it might be altered or repealed, it would follow that the same rule would be applicable to changes in the constitution, where such right to alter or repeal was reserved.

The contention is made that Section 2, Article XIII, applies only to laws passed by the legislature, and that it is merely a grant to the legislature to provide for the formation of corporations under general laws, and to thereafter change or repeal them. The supreme court in the case of *Matheny et al.* v. *Golden, Treas.,* 5 Ohio St., 361, says at page 372:

"To frame a new state constitution, is but to 'pass a law'—a law more formal and solemn in the mode of its enactment, to be sure, and passing under the more direct supervision of the constituent body, the people—but still a law, and like any other law, subject to the supremacy of the constitution of the United States," etc.

It would seem, therefore, that the word "law" does include a constitutional enactment, and that the amendment to Article XIII, providing for double liability, does not impair the obligation of the contract of the stockholders in this case, because of the reservation in said Section 2, of the right to alter or repeal.

"But is is argued that they could not be revoked or altered by a change of the Constitution, even if it could be done by the Legislature. We have seen that the Supreme Court of the United States has held that a State constitutional provision, acting prejudicially upon a contract, is a law passed by a State impairing its obligation, within the inhibition of the Federal Constitution. This is upon the ground that the substance of the provision is, that the State shall not interfere in any way with the rights which citizens have acquired by contract. It may be said with equal reason, and without any greater departure from the strict meaning of language, that the reservation contained in the laws under which corporations are formed, looks to a revocation of the franchises by any legal act which shall possess the force of law, though not strictly an act of legislation." *In re Matter of Oliver Lee & Co.'s Bank,* 21 N. Y., 9, 19.

The case of *Ireland* v. *Palestine, Braffetsville, New Paris & New Westville Turnpike Co.,* 19 Ohio St., 369, relied on by the defendant below, was a case where the company was incorporated under a special act of the legislature of 1849, at which time the constitution of 1802 was in force. No provision in that constitution, nor in the act under which the company was incorporated, reserved any right to alter or repeal the laws under which said corporation was formed, so that the adoption of the Constitution of 1851, which changed the liability of stockholders, could not affect the liability of the stockholders of that defendant company, without impairing their contract. The question of a reservation to alter or repeal was not presented to the court in that case. It is, therefore, not an authority on the point here

under consideration. The rule laid down there is inapplicable where incorporation is had under laws which provided that "such laws may, from time to time, be altered or repealed."

In *Lang* v. *Osborn Bank*, 100 Ohio St., 51, the bank was incorporated in 1889 during a period of double-stock liability; such liability was removed November 3, 1903, when the constitution was amended; and again reinstated by the amendment effective January 1, 1913. The court holds:

"1. The provision of Section 3, Article XIII of the Constitution as amended September 3, 1912, and in force January 1, 1913, pertaining to 'corporations authorized to receive money on deposit' is self-executing.

"2. The liability of such stockholders applies to all indebtedness of their several corporations incurred while such amendment is in effect."

There was no occasion for the legislature to act in this instance. The liability of the stockholders of corporations receiving money on deposit was fixed by the amendment. We, therefore, hold that the amendment to Section 3, Article XIII of the Constitution, effective January 1, 1913, imposing double liability on holders of capital stock of corporations authorized to receive money on deposit, which stock was acquired prior to said amendment, does not impair the obligation of the stockholder's contract, and such liability may be enforced for indebtedness incurred by the bank after such amendment.

*Judgment accordingly.*

Hamilton, P. J., and Cushing, J., concur.