## Hunter v. City of Louisville, et al.

(Decided September 30, 1924.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1. Municipal Corporations—Statute Held Not Invalid as Authorizing Tax for Other than "Public Purpose."—Acts 1922, c. 23, providing for issuance of bonds by city for construction of soldiers' and sailors' memorial, is not in violation of Constitution, section 171, as being for other than "public purpose" as to city, though it included soldiers and sailors furnished by county outside city limits.

2. Municipal Corporations—Statute Held Not Invalid as Attempting to Empower City to Levy Tax for County Purposes.—Acts 1922c, c. 23, providing for issuance of bonds by city for construction of soldiers' and sailors' memorial held not in violation of Constitution, section 181a, as attempting to confer power on city to levy tax for county purposes, though memorial intended for soldiers and sailors furnished by county outside city limits.

3. Statutes—Section Empowering Condemnation in Manner Provided in Another Section Held Not Invalid Because Not Re-enacting or Publishing Latter Section.—Acts 1922, c. 23, section 6, empowering commission to construct soldiers' and sailors' memorial to acquire land by condemnation in manner provided in Ky. Stats., section 2852, since it does not amend section 2852, is not invalid because it does not re-enact or publish it.

4. Constitutional Law—Provision Authorizing Executive Commission to Make and Enforce Rules for Conduct of its Business Held Not Invalid.—Session Acts 1922, c. 23, section 3, subsection d, authorizing commission for construction of soldiers' and sailors' memorial, to make and enforce rules and regulations for conduct of its business, does not conflict with Constitution, section 29.

5. Constitutional Law—Statute Held Not to Violate Prohibition Against Legislation to Take Effect on Approval of Authority Other than that of Legislature.—Fact that Acts 1922, c. 23, providing for construction of soldiers' and sailors' memorial does not take effect until approved by voters and donors, does not make it conflict with Constitution, section 60, requiring that laws shall not be enacted to take effect upon approval of any other authority than General Assembly.

EMMET R. FIELD for appellant.

WILLIAM T. BASKETT for appellees.

Opinion of the Court by Judge McCandless—Affirming.

This is a suit by a taxpayer to test the validity of an issue by the city of Louisville of $750,000.00 in bonds, au-

thorized by an act of the General Assembly, approved March 20, 1922, being chapter 23 of the Session Acts of that year, and entitled:

"An act to provide for the construction and maintenance, in cities of the first class of memorials in honor of the soldiers and sailors furnished by such cities and the counties wherein situated, to the United States army and navy during the recent world war; providing for the voting of a bond issue in such cities, and for the acceptance of gifts and donations, for such purposes (partially repealing section 2827, Kentucky Statutes; and for related purposes), including the creation of a memorial commission in such cities."

In the body of the act provision is made, in section 1, for the appointment of a commission by the mayor, subject to the approval of the board of aldermen, for their qualification, term of office and for filling vacancies; in section 2, for the organization of the commission; in section 3, for certain enumerated but not exclusive powers of the commission; in section 4, for the execution of proper bonds by the officers; in section 5, for the commission to acquire suitable grounds and to construct and furnish an adequate memorial thereon, as therein described, when the conditions of the act are met; in section 6, for the commission to acquire land by gift, purchase, lease or condemnation, and hold title therein for the purposes of the act; in sections 7 and 8, for the employment of an architect and selection of plans to be approved by the mayor; in section 9, for the submission of bids on all contracts requiring an expenditure in excess of $500.00; in section 10, for a report to the mayor of the city upon the completion and equipment of the memorial, to be approved by the board of aldermen; in section 11, for an annual tax levy of not exceeding one cent on each $100.00 of taxable property for the maintenance of the memorial; in section 12, to limit the expenses of such maintenance; in sections 13 and 14, for an annual financial report by the commission to the mayor and by him transmitted to the council; in section 15, for the uses to which the memorial may be put and for the preservation and uses of the income arising therefrom; in section 16, authorizing the commission to accept gifts of every description of property and to reduce the subject of donations to money or high class interest-bearing securities acceptable to the commission and the mayor of Louisville, and directing

·the placing of the funds in solvent banks or trust companies in the city, agreeable to the donors, to be held by such depositaries until the proceeds from the bond issue are available, such money to bear interest at a fair rate, and directing that when the bond proceeds are available the depositary shall pay over the money or deliver the securities as the case might be to the commission for its use according to the terms of the act; but if after the gift or donation is made the proposed bond issue is defeated or invalidated, such gifts or donations are to be returned to the donor by the trustee holding under the act; in section 17, for an ordinance submitting to the voters of the city at· an election in November, 1922, whether the bonds of the city should be issued for the purposes set forth in the act in the amount of $750,000.00, and requiring the ordinance to provide the date and maturity of such bonds, the interest rate, with. certain details regulating their execution and delivery; in section 18, for the sale of the bonds when issued, and the manner in which the proposed issue shall be paid; in section 19, for the establishment of a fund for surplus income to be used for improvements, replacement or reconstruction; in section 20, that all disbursements by the commission prior to the completion of the memorial shall come out of the donations and proceeds from the sale of the bonds; except the commission is authorized to borrow sufficient funds to pay the preliminary expenses, and in the event the bond issue is defeated, the commission shall be dissolved and its powers then cease, and the city pay the money so borrowed; in section 21, that upon such dissolution the commission is required to turn its effects over to the city and vest the title therein to the city; in section 22, that if within two years after the voting of the bond issue there shall be given or donated to the commission not less than $500,000.00 in total, the commission then, and in that event only, may sell the bonds and construct the memorial; in section 23, that all the proceeds arising from the sale of the bonds shall be used for the purpose of the act and that the title to all the property, however acquired, should vest in the commission for the purposes contemplated in the act; in section 24, that so much of section 2852, Ky. Statutes, as vests in the board of public works of cities of the first class, supervision and control of the. construction of public buildings and improvements, is repealed to the extent that it conflicts with this act, but no further.   There are several other pro-

visions, but the above are all that can have any bearing on the questions involved.

The petition shows a full compliance with the terms of the act in the appointment of the commission; that gifts and donations have been made in the amount of $500,000.00 and deposited in trust with a solvent bank and trust company agreed upon by the commissioners and donors and it is being held by it in accordance with the provisions of the act. It further shows that in accordance with the provisions of the act the general council of the city of Louisville enacted an ordinance submitting the question of the issual of the sum of $750,000.00 in bonds in question, for the purpose mentioned, to the voters of that city, at the general election on November 7, 1922, and that more than two-thirds of the voters voting at that election voted in the affirmative. It is admitted that the ordinance complied in every respect with the requirements of the statute; that the question was properly stated on the ballot, and that the general council of the city of Louisville has passed an ordinance officially declaring that donations aggregating over $500,000.00 are deposited in available securities and are now available.

It thus appears that the only question to be considered is the validity of the act.

It is first urged that the contemplated construction of a memorial to the soldiers and sailors, furnished by that portion of Jefferson county outside the limits of the city of Louisville from the proceeds of bonds issued by that municipality is a diversion of its funds to county purposes, and as to the city this is not a *public purpose*, and in this respect violates section 171 of the Constitution. On the same premise it is argued that the act attempts to confer upon the city power to levy a tax for county purposes, in violation of section 181a of that instrument.

Unquestionably the city and county are separate and distinct municipalities, and if the expenditure was for a public improvement or a governmental expense for the benefit of Jefferson county there would be merit in appellant's contention. Cooley on Taxation, third edition, page 225; 26 R. C. L., pages 72-3; Farris v. Vanier, 6 Dak. 186; 3 L. R. A. 713; Keith v. Lockhart, 171 N. C. 451; Am. Cases 1918D, 1916; Campbell County v. City of Newport, 174 Ky. 721; Lexington v. McQuillen Heirs, 9 Dana 513.

But if we should concede the proposition to be correct as applied to the ordinary purposes of government, it does not apply in this instance.

In considering the construction of new memorials generally, we have said:

"That a reasonable use of public money for memorial buildings, monuments and other public ornaments, designed merely to inspire sentiments of patriotism or of respect for the memory of worthy individuals is for a public purpose that it hardly seems necessary to devote time to a discussion of this branch of the case." Barrow v. Bradley, 190 Ky. 482.

However, the questions here raised were not involved in that case.

We may cherish the memory of our heroes, both dead and living, but neither of them is benefited by a public monument or memorial; nor are such structures intended to mark the location of the remains of deceased persons. Properly speaking they are an expression of appreciation and respect for those who by their high ideals, courage, sacrifice and devotion to duty in the service of state or nation have merited distinction, and in thus honoring their memory it is hoped that the principles embodied in their lives may be instilled into the minds and hearts of future generations, and inspire them with a desire to emulate their noble qualities.

Those whose deeds may thus be commemorated are not restricted to local boundaries, but may be selected from any county or state—possibly from other nations.

We therefore conclude that the expenditure of city funds in construction of the contemplated memorial is for a public purpose, although all of the soldiers and sailors in whose memory it is erected were not residents of the city of Louisville. It follows that the act does not violate either of the constitutional provisions above mentioned.

The second objection to the act is to section 6, which empowers the commission to acquire land by condemnation, and authorizes this to be done in the same manner as provided in section 2852, Ky. Statutes. The latter prescribes the method of procedure in condemnation proceedings by the board of park commissioners. Section 6 of this act does not amend or change it in any particular, hence there was no necessity for re-enacting or publishing section 2852, Ky. Statutes.

Subsection D of section 3 authorizes the commission to make and enforce rules and regulations for the conduct of its business not in conflict with law. This power is conferred on all private corporations and is given to practically all administrative bodies, and in no sense conflicts with section 29 of the Constitution, as claimed by the appellant.

The last question raised is, that the act does not take effect until approved by (1) the voters and (2) the donors, and is therefore in conflict with section 60 of the Constitution, which provides that no law shall be enacted to take effect upon approval of any other authority than the General Assembly. We do not so construe the act. It was final and complete when signed by the governor and not subject to the approval of any other authority. True, it prescribes certain conditions under which it shall become operative. By compliance with those conditions upon the part of the donors and voters a status is created upon which the law operates, and until that status exists it is dormant, but the validity of the act is not affected by the action of the parties in reference to those conditions.

In Clay Ins. Co. v. Dixie Fire Ins. Co., 168 Ky. 315, the question involved was the validity of section 637 of the Kentucky Statutes, which imposed upon foreign insurance companies the same license taxes imposed by the laws of their domicile. The whole court sat, and in their opinion, after an extensive review of the authorities, overruled the former case of W. & S. L. I. Co. v. Com., 133 Ky. 292, and for these reasons is especially impressive, the conclusion being:

"It is clear from the foregoing authorities that the legislature may enact a law to take effect when certain conditions arise. By the act in question the legislature itself says that, when certain conditions exist, the law shall be so and so. A foreign state may create the conditions, but it has no voice in determining what our law shall be. Our own legislature prescribes the conditions. It alone says when the law shall apply. If the conditions never arise the act is quiescent. When they do arise it immediately becomes effective, not by virtue of the voice of the foreign legislature, but by virtue alone of the legislative will of this Commonwealth. In the enactment of such a law there is no surrender of the legislative function. It does not take effect on the approval of

any other authority than the General Assembly, and does not, therefore, contravene the provisions of section 60 of the Constitution, *supra*."

To the same effect are Com. v. Goldberg, 167 Ky. 96; Home Ins. Co. v. Swigert, 104 Ill. 653; James v. Walker, 141 Ky. 88.

We are of the opinion that the act is valid, and perceiving no error in the record the judgment is affirmed.