## Stevenson et al. v. Hardin et al.

(Decided May 1, 1931.)

JOHN C. DUFFY for appellants.

L. W. MORRIS, SAMUEL M. WILSON, GEORGE R. HUNT and L. F. JOHNSON for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On February 20, 1931, the Democratic State Central Executive Committee called a convention to be held at Lexington, Ky., on May 12, 1931, for the purpose of nominating Democratic candidates for the various state offices to be filled at the general election in November. This suit was brought by E. C. Stevenson and three other Democratic voters of Christian county to enjoin the committee from holding the convention, and they also sought

a mandatory injunction requiring the committee to rescind the call made for the convention.

The plaintiffs' petition alleged that the Democratic State Central Executive Committee is proceeding under the supposed authority conferred upon it by chapter 72 of the Acts of the General Assembly of 1920, being sections 1549a-1 et seq. of the Kentucky Statutes. The petition further alleged that chapter 72 of the Acts of 1920 violates sections 59 and 60 of the State Constitution, and that all nominations made at the proposed convention will be illegal and the Democratic party will have no legal nominees for state offices at the general election in November. The lower court sustained a demurrer to the petition, and from the judgment dismissing their petition the plaintiffs have appealed.

A compulsory primary election law was enacted in 1912 (chapter 7, Acts 1912). Prior to the enactment of that act, party nominations were made in such manner as the governing authorities of the respective political parties designated. The act of 1920, in effect, repealed so much of the act of 1912 as made compulsory the nomination of party candidates for state offices by primary election. It exempts party nominations for the offices of Governor, Lieutenant Governor, Secretary of State, Attorney General, Auditor of Public Accounts, State Treasurer, Commissioner of Agriculture, Labor and Statistics, Superintendent of Public Instruction, Clerk of the Court of Appeals, and United States Senator, from the compulsory feature of the general primary election law requiring all party nominations to be made by primary election and permits the governing authority of any political party having a constituted authority for its government and regulation, and which, at the last preceding election at which presidential electors were voted for, cast at least 20 per cent. of the total vote cast at that election, to prescribe the manner and method of nominating its candidates for these offices. The act further provides that the same method shall be prescribed by the governing authority of the party for the nominations for the named offices.

It is first urged by appellants that the act of 1920 is unconstitutional because enacted in violation of that part of section 59 of the Constitution which reads: "The general assembly shall not pass local or special acts concerning any of the following subjects, or for any of the following purposes, namely: . . . In all other cases

where a general law can be made applicable, no special law shall be enacted." Appellants rely on Felts v. Linton, 217 Ky. 305, 289 S. W. 312, and Hodge v. Bryan, 149 Ky. 110, 148 S. W. 21, 22. The Felts Case is clearly distinguishable from the case before us. There it was held that chapter 171 of the Acts of 1926 creating a county budget system, but exempting from its operation counties having a commission form of government, violated subsection 29 of section 59 of the Constitution, because the classification made by the act was not based on any distinctive or natural reasons inducing and supporting such classification. As pointed out in the opinion, there is, essentially, but little difference between the commission form of government and the fiscal court form of government. Consequently the classification sought to be made was not based upon natural and reasonable distinctions, but the Legislature attempted to exercise the power to classify without any reasonable basis inherent in the objects of classification. Conceding for present purposes that an act granting to the governing authorities of political parties the right to determine the method of nominating its candidates for office must conform to the requirements of section 59 of the Constitution, the act here in question meets every test prescribed by the Felts case and the other cases in which that section has been construed. It is a general act applying to all candidates for office, except presidential electors, who are voted for by all the voters of the state.

In Hodge v. Bryan, supra, it was expressly held that the exemption of presidential electors from the operation of the primary election law of 1912 did not result in causing that act to violate section 59 of the Constitution. In the course of the opinion it was said:

"All agree that if the Legislature had a reasonable excuse for this exclusion the act is constitutional. The presumption is that it thought it had a right and sufficient reason for the exclusion of presidential electors."

In Stone v. Wilson, 39 S. W. 49, 50, 19 Ky. Law Rep. 126, the court said:

" 'Local' or 'special' legislation, according to the well-known meaning of the words, applies exclusively to special or particular places, or special and particular persons, and is distinguished from a stat-

ute intended to be general in its operation, and that relating to classes of persons or subjects.''

Chapter 72 of the Acts of 1920 was intended to be general in its operation and applies alike to all persons in the class affected, that is, all candidates for state offices. The classification of the objects of legislation is within the discretion of the Legislature and its judgment will not be disturbed by the courts unless it is manifestly arbitrary and unjust. Williams v. Nall, 108 Ky. 21, 55 S. W. 706, 21 Ky. Law Rep. 1526. The Legislature in exempting officers elected by the voters of the state at large from the compulsory feature of the primary law no doubt had in mind the increasing cost of campaigning where candidates are chosen by direct vote and a personal canvas must be carried into every part of the state. Whether or not the change made by the Legislature was wise is no concern of the courts. The only question the courts can determine is whether or not the Legislature, having attempted to classify the objects of its legislation, has reasonably exercised that right. Here the Legislature did not arbitrarily exercise its right to classify. On the contrary, no person similarly situated to those embraced in the act having been excluded from its operation, the classification was reasonable and proper.

It is next insisted that chapter 72 of the Acts of 1920 violates section 60 of the Constitution, (1) because it directly enacts a special act by the repeal in part of a general act, and (2) because it attempts to delegate legislative power to private persons or agencies. Section 60 of the Constitution provides that the General Assembly shall not indirectly enact any special or local act by the repeal in part of a general act, or by exempting from the operation of the general act any city, town, district, or county. It further provides that no law, with certain exceptions not pertinent here, shall be enacted to take effect upon the approval of any other authority than the general assembly, unless otherwise expressly provided in the Constitution. While the act of 1920 in effect repealed in part the general primary election law, the Legislature did not thereby enact any special or local act. The act of 1920 is not a special or local act, nor does it render the unrepealed portions of the act of 1912 special or local. Each act is general in its application and applies in an equal manner to all persons similarly situated.

In support of their contention that the provision of the act of 1920 that the primary election law can apply to the candidates named in the act only upon the approval of the governing authorities of the political parties amounts to a delegation of power by the Legislature to private citizens constituting a voluntary association in violation of section 60 of the Constitution, appellants rely chiefly upon the cases of People ex rel. Breckton v. Board of Election Commissioners, 221 Ill. 9, 77 N. E. 321, 5 Ann. Cas. 562; Rouse v. Thompson, 228 Ill. 522, 81 N. E. 1109; and Morrow v. Wipf, 22 S. D. 146, 115 N. W. 1121.

No case involving this question has been decided by this court in construing our primary election laws. In 9 R. C. L. 1085, sec. 96, it is said with reference to primary election laws:

"A marked change in the manner of nominating candidates for office has been effected as indicated, but it must not be assumed that when the legislature has once intervened and adopted a primary election law that it has thereby removed all the power that once vested in the party organizations to control this subject so as to make it a purely legislative function. Therefore it cannot be considered a delegation of legislative authority to grant a party committee the power to prescribe the purpose, time, manner, and conditions of holding the primary election and the qualifications of the electors. These matters and all others respecting the nomination of candidates were, prior to the passage of primary election legislation, entirely within the control of the party or its committee, and such legislation constitutes no delegation of authority but merely a regulation of a power already possessed by the party. So it is held that a statute is valid which permits a party to nominate under the primary law or otherwise renders the nomination dependent on the action of the chief authority in the party."

In People ex rel. Breckton v. Board of Election Commissioners, supra, the section of the Illinois primary election law under consideration provided that the county central committee of each political party should determine whether the county officers should be nominated at the primary election by the voters or by delegates chosen

at such election, and whether the candidates should be nominated by a majority or plurality vote, and it was held invalid as a delegation of legislative power. It was also held in that case that primary elections are "elections" within the meaning of that word as used in the Constitution of Illinois. However, it has been held by this court that "primary" elections are not elections within the meaning of that word as used in our Constitution. Montgomery v. Chelf, 118 Ky. 766, 82 S. W. 388, 26 Ky. Law Rep. 638; Hager v. Robinson, 154 Ky. 489, 157 S. W. 1138.

In Rouse v. Thompson, supra, the same law was under consideration as had been considered in the Breckton case. Sections 2 and 3 of the law authorized the several county central committees of the various political parties to designate and establish delegate districts in their respective counties, and it was held that, as such committees were merely voluntary associations and not governmental officers, this constituted an invalid delegation of legislative power. But, as was said in the opinion, the act was incomplete and incapable of execution without action on the part of the county central committees of the several political parties in designating and establishing delegate districts in the respective counties of the state. Here the act is complete and capable of execution without any action on the part of the governing authorities of the several political parties. The governing authority of each party is merely given the option of determining whether or not the candidates of its party for state offices shall be nominated at a primary election conducted under the primary election law of the state. In People ex rel. Lindstrand v. Emmerson, 333 Ill. 606, 165 N. E. 217, 224, 62 A. L. R. 912, it was held, in construing the same law construed in the Breckton and Rouse cases, supra, that a statutory provision for the determination by a committee of a political party of the number of candidates for representative in the Legislature to be nominated at the primary by the party, was not an invalid delegation of legislative power. The Breckton and Rouse cases, in their principal aspects, were expressly overruled. Near the conclusion of the opinion it was said:

"In this case the senatorial committee of the Republican Party determined upon the nomination

of but two candidates for the Legislature. This it had a right to do. The act is not subject to the constitutional objections urged. The former decision of this court on this point in People ex rel. Breckton v. Election Commissioners, supra, and the cases decided by this court following that case, in so far as they are in conflict with the views herein expressed, are overruled.''

The statute declared unconstitutional as a delegation of legislative power in Morrow v. Wipf, supra, was materially different from the statute before us for construction. The South Dakota statute provided that whenever two-thirds of the members of the county central committees of the several political parties of any county, at a regularly called meeting, should decide that there was not a sufficient contest over the selection of delegates from that county to the state convention to justify the expense of holding a county convention, such county central committee should have the power to name the delegates from that county. The statute, in effect, attempted to empower the members of the county central committees of the several political parties in each county to substitute their votes for the votes of the electors in selecting delegates to the state convention.

The act now being assailed by appellants as unconstitutional merely authorizes the governing authority of a political party to elect whether the candidates of the party for state offices shall be nominated under the primary election law or by the convention method. The act as passed by the Legislature was final and complete and not subject to approval by any other authority. By its terms the primary election law becomes operative as to nominations of state officers when a certain condition arises which is that the governing authority of a political party shall determine to nominate its candidates for such offices by a primary. This does not amount to the delegation of legislative authority. Hunter v. City of Louisville, 204 Ky. 562, 265 S. W. 277; Clay v. Dixie Fire Insurance Co., 168 Ky. 315, 181 S. W. 1123; Commonwealth v. Goldburg, 167 Ky. 96, 180 S. W. 68. Before the enactment of the compulsory primary law, the manner of nominating candidates of a political party was pre-

scribed by the party itself, and the present act is only a regulation of the power inherently possessed by the governing authorities of political parties and is not an unauthorized delegation of legislative power. If any doubt existed in our minds on this point, it would have to be resolved in favor of the validity of the statute. Unless it is clear that a limitation imposed by the people in the fundamental law has been violated by the Legislature, its acts may not be declared invalid.

We conclude that the judgment of the lower court is correct, and it is affirmed.

The whole court sitting.